# Granberry v. The State.

## Murder.

(Decided December 18, 1913.   63 South. 975.)

1. *Insanity; Inquisition; Discretion.*—Under section 7178, Code 1907, it is within the discretion of the trial court to grant or refuse a motion to execute an inquisition as to the mental status of defendant at the time of the trial.

2. *Same; Evidence.*—As tending to show that the insanity of defendant was merely pretended, a witness may testify to a conversation heard by him and had between defendant and a physician as to defendant's playing crazy that he might be sent to an asylum; the fact, if such it be, that this was after defendant had interposed the plea of insanity merely affecting the probative force of the testimony.

3. *Same; Instructions.*—Where there was no testimony of defendant being insane, except a year or some other unspecified time after the act for which he was being tried, instructions as to insanity as a defense were abstract.

4. *Criminal Law; Venue; Boundary.*—Where the question was whether the offense was committed within a quarter of a mile of the

boundary line between two counties (Section 7229, Code 1907), one not a surveyor and who did not see the line surveyed may testify to what was for years generally known and called the line, and that the body of deceased was lying from 125 to 150 yards from the line.

5. *Trial; Objection; Time.*—Testimony will not be excluded on motion when responsive to a question which was not objected to, although the testimony be incompetent.

6. *Witnesses; Corroboration.*—A witness's testimony as to hearing certain conversations cannot be corroborated or supported by the testimony of another that such witness had previously told him of the conversation.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Hill Granberry was convicted of murder in the first degree, sentenced to be hanged, and appeals. Affirmed.

See, also 182 Ala. 4; 62 South. 52.

The following are the charges referred to in the opinion:

"(I) I charge you, gentlemen of the jury, that in order for this defendant to be responsible for the crime with which he is charged, he must have had sufficient power of memory to recollect the relation in which he stood to others, and in which others stand to him; that the act he was doing was contrary to the plain dictates of justice and right, and injurious to others, and a violation of the dictates of duty."

"(L) I charge you, gentlemen of the jury, that if you believe from the evidence that defendant was not in possession of all of his reasoning faculties at the time of the alleged murder, you cannot convict defendant of murder in the first degree."

HENRY K. DICKINSON, and JOHN K. WATKINS, for appellant. Defendant was entitled to have his mental status inquired into by motion under section 7178, Code 1907.—42 Cal. 18; 12 Ia. 470; *Devilbliss v. Bennett,* 70 Md. 574; 12 Ia. 479; 50 N. J. L. 34. Venue cannot be shown by conclusions of witnesses or by hearsay testi-

mony and the court erred in permitting the witnesses to state that the body of deceased was lying within 125 or 150 yards of the line between the counties of Chambers and Lee. Charge 1 should have been given.—*Beasley v. State*, 50 Ala. 150.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

ANDERSON, J.—The trial court had a discretion, under section 7178 of the Code of 1907, as to granting the defendant's motion to execute an inquisition as to his mental status at the time of the trial.

There was no error in permitting the witness Betts to prove that the body of the deceased was lying on the Chambers county side, 125 to 150 yards from the county line between Lee and Chambers counties. The witness did not have to be an expert surveyor or see the line surveyed in order to tell where the line was between the two counties. He testified to what was generally known and considered as the line for years, and, whether his testimony as to where the line is was technically accurate or not, it was sufficient to make out a prima facie case that the homicide was committed so near the county boundary as to make it within a quarter of a mile of Lee county, or to make it doubtful as to whether the offense was committed in Lee or Chambers county so as to give either county jurisdiction under the terms of section 7229 of the Code of 1907. This applies to the testimony of Duff Wallace also as to the location of the killing.

There was no error in permitting the state to prove by the witness Wilson Berry the conversation heard by him between the defendant and Dr. Lightning as to playing crazy in order to be sent to Mt. Vernon and not get hung, and that defendant said he would do so. This was a

circumstance tending to show that the insanity was pretended and not real. The record does not disclose when this conversation occurred, that is, whether before or after the plea of insanity was first interposed, but if afterwards, this would merely affect the probative force of this evidence, and would not render it inadmissible.

The testimony of Betts that the witness Wilson Berry told him of this conversation was for the evident purpose of bolstering up the testimony of said witness, Berry, by his previous statement, and was palpably illegal. We cannot, however, put the trial court in error as to the admission of this evidence. From aught that appears from the record, the evidence was responsive to a question or questions asked the witness, and, such being the case, the appellant should have objected to the question and not the evidence after it was given. The trial court will not be reversed for declining to exclude evidence which was responsive, if the question bringing out the evidence was not objected to by the appellant. 3 Mayfield's Dig. p. 575, § 2739. The defendant could not, by delaying objection until after the witness had testified, speculate as to what the answer might be, and then move to exclude same if not favorable to him. *Western Union v. Bowman,* 141 Ala. 193, 37 South. 493; *Insurance Co. v. Tillis,* 110 Ala. 202, 17 South. 672; *Birmingham R. R. Co. v. Taylor,* 152 Ala. 105, 44 South. 580.

There was no error in refusing the defendant's written requested charges, designated in the record as I and L. Whether or not these charges correctly define the mental condition that renders one irresponsible for crime we need not decide, as their refusal can be justified for being abstract. See former report of this case 182 Ala. 41, 62 South. 52. The evidence is still insufficient to keep said charges from being abstract, as there was no evidence as to the defendant's insanity at the time of

[Kirkwood v. The State.]

the homicide. The two physicians testified as to his condition when they examined him in jail nearly a year after the killing. The witness Watkins fixed no special time as to his observations of the defendant, except that it was while he was in jail, and which was after the killing. There is no evidence showing insanity at the time of the killing, and all the evidence as to his condition at the time of the killing was that he was sane at said time.

The judgment of the law and equity court is affirmed. Affirmed. All the Justices concur.