# Rohn v. The State.

## Murder.

(Decided January 15, 1914.  Rehearing denied April 16, 1914.
65 South. 42.)

1. *Criminal Law; Pleading; Discretion of Trial Court.*—It is within the discretion of the trial court to refuse to permit additional pleas to be filed after the time prescribed by law in criminal cases, and not revisable on appeal; nor is there an exception in favor of a plea of not guilty by reason of insanity not interposed at the time of the arraignment as required by section 7176, Code 1907.

2. *Same; Right to Counsel.*—The rule of practice above referred to does not violate the constitutional right of a defendant to be heard by himself and counsel, or either, under section 6, Constitution 1901.

3. *Insanity; Inquisition; Discretion.*—The refusal of the trial court to suspend the trial and submit to a jury, an inquisition as to defendant's insanity at the time of the trial under the provisions of section 7178, Code 1907, is not revisable on appeal.

4. *Homicide; Evidence; Character of Wound.*—As illustrative of the position of deceased when shot, and for the purpose of contradicting defendant's testimony in that regard, it is competent for the state to prove that bullet wounds are characteristically different at the point of entrance and exit, and what that difference is.

5. *Same.*—A medical man well acquainted with the human anatomy and with gun shot wounds can state from his examination of the wound, his conclusion that the bullet entered at the back to the left of the spinal column and made its exit in front, passing through the heart.

6. *Evidence; Expert.*—Anyone who has often observed and examined bullet wounds is competent to state the characteristic difference in such wounds at the point of entrance and exit.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Harry Rohn, alias Harry Rohm, was convicted of murder in the first degree, and he appeals.  Affirmed.

Being without counsel, the court appointed counsel for defendant, who discussed the case with defendant on several occasions.  The case was subsequently continued to the fall term of the court, and on November 30, 1912, the case was reset for trial on December 9,

1912, at which time a postponement was ordered until December 11th, and again postponed on that date until December 12, 1912, when the case was finally tried. In the meantime the counsel appointed for the defendant had withdrawn from the case, and defendant retained the present counsel about August, 1912. The minute entry recites that on May 18, 1912, at the time of his arraignment and plea of not guilty, and also on the several occasions of postponement or continuance, defendant was present in his own proper person and by attorney. On December 11, 1912, his counsel moved the court to set aside the plea of not guilty heretofore filed and to substitute therefor a plea of not guilty by reason of insanity. In support of this motion, defendant offered parol testimony tending to show that he had no counsel to advise or represent him until after the date of his arraignment and pleas of not guilty. This motion being overruled, defendant's counsel suggested that defendant was then insane, and moved a suspension of the trial on that ground, which motion was also overruled. Defendant introduced evidence to show his mental unsoundness both at the time of the homicide and at the time of the trial; the same evidence being used in support of each of the motions referred to.

The victim of the homicide was a married woman, in whose home defendant lodged and boarded, and with whom he was infatuated. There was no eyewitness to the killing, and defendant testified that he had taken the pistol from under his pillow and threatened to kill himself; that deceased seized the barrel of the pistol which was cocked, and, in the struggle for its possession, it was accidentally discharged. The bullet passed through the heart and body of deceased, and she died in a few minutes. The state was allowed, against defendant's objection, to prove that the bullet hole in the back of

deceased was small and smooth, and that the hole in her breast was twice as large and somewhat ragged; and a medical witness for the state was allowed to testify that the entrance of a bullet, when fired into the body, will make a smaller and smoother wound than its exit. He based this statement on considerable personal experience in the examination of gunshot wounds, and was allowed to state further that in his opinion this bullet entered the back of deceased and came out at her breast. There were numerous written charges refused to the defendant not necessary to be here set out.

GASTON & PETTUS, for appellant. Under the facts in this case the failure of the court to allow defendant to withdraw his plea of not guilty interposed at the arraignment, and to interpose a plea of not guilty by reason of insanity was an abuse of discretion.—*Ex parte Bryant,* 44 Ala. 402; § 6, Const. 1901; § 7176, Code 1907; *Murrell v. State,* 136 Ala. 44; *Gordon v. State,* 147 Ala. 49. The court should have permitted an inquisition into defendant's sanity.—§ 7178, Code 1907. The witness was permitted to testify to wholly incompetent matters of opinion relative to the difference between the entrance and exit wounds made by bullets.—*McKey v. State,* 82 Ala. 32; *Orr v. State,* 117 Ala. 69; 5 Enc. of Evid. 519. The questions as to defendant's sanity or insanity were competent.—*Barham v. State,* 143 Ala. 28; *Boswell v. State,* 63 Ala. 307. Counsel discuss other matters not necessary to be here set out.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The matters complained of most seriously were within the discretion of the trial court, and not reversible on appeal. The matter of gun shot wounds and the characteristic differences between the points of entrance and exit are

subject to expert testimony and the witnesses appear to be qualified.

SOMERVILLE, J.—The rule is well settled in this state that the action of the trial court in refusing to allow additional pleas to be filed after the time prescribed by law is not revisable on appeal.—*Craig v. Pierson Lumber Co.,* 179 Ala. 335, 60 South. 838 (where the cases are collected). We see no reason for making an exception in favor of the plea of "not guilty by reason of insanity."

Section 7176 of the Code requires that this plea must be interposed at the time of arraignment, and failure to do so forfeits the right, and leaves the acceptance of the plea thereafter to the unrevisable discretion of the trial court. Moreover, in this case, an examination of the record and the evidence does not indicate that the rejection of the plea was either unfair or prejudicial.

There is no merit in the suggestion that the enforcement of this rule of practice is a violation of the defendant's constitutional right "to be heard by himself and counsel, or either."—Section 6, Const. 1901.

So, also, the action of the trial court in refusing to suspend the trial and submit to the jury an inquisition as to defendant's insanity at the time of the trial, as provided for by section 7178 of the Code, is not revisable on appeal, as was held in the recent case of *Granberry v. State,* 182 Ala. 4, 63 South. 975.

As illustrative of the position of the deceased when shot, and for the purpose of contradicting defendant's testimony in that regard, it was clearly competent for the state to prove that bullet wounds are characteristically different at the points of entry and exit, respectively, and what that difference is; and any one who has often observed and examined such wounds is a competent witness thereto.

It was competent, also, for the state's witness, a medical man well acquainted with the human anatomy and with gunshot wounds, to state from his examination of the wounds of deceased his conclusion that the bullet entered at the back to the left of the spinal column and made its exit through the heart in front.—*Rash v. State,* 61 Ala. 89.

We have examined the entire record and do not find any reversible error committed in the procedure or upon the trial of the case. A detailed discussion of all the questions raised is neither necessary nor expedient; and the judgment will be affirmed.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.