182 So. 42

## WHITFIELD v. STATE.

### 3 Div. 259.

Supreme Court of Alabama.

June 16, 1938.

L. H. Walden and R. L. Farnell, both of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Willie James Whitfield, alias Bo Whitfield, was indicted for the murder of Fred Heins, by hitting him with an axe. On the trial defendant was convicted of murder in the first degree, and his punishment fixed at death.

No abuse of discretion is found in the denial of defendant's motion for a continuance.

 Where a youth 16 to 18 years of age is charged with crime in a court of criminal jurisdiction, the statute (Gen.Acts 1923, pp. 296, 309, § 11) vests in the court a discretion to put him to trial or transfer him to the jurisdiction of a juvenile court. Lane v. State, 20 Ala.App. 192, 101 So. 521.

The motion for transfer in the instant case disclosed defendant was 16 years of age. No evidence appears in the record that he was under 18 years of age. There was no error in the denial of such motion.

The denial of an application to suspend the trial and inquire into the sanity of the accused at the time of trial, under Code, § 4575, is within the discretion of the court, and not revisable on appeal. Granberry v. State, 184 Ala. 5, 63 So. 975; Rohn v. State, 186 Ala. 5, 65 So. 42.

No evidence was presented in support of this application. The trial was upon a plea of not guilty.

Evidence of the nature of the wounds upon the head causing the death of deceased, and the confession of defendant that he killed deceased with an axe having been introduced, testimony of the finding of an axe with stains upon it at a nearby railroad culvert was a circumstance admissible at the time offered. If not, further evidence fully identified the axe as the instrument used by defendant in the slaying, disclosed where he procured it, and his preconceived purpose to slay the deceased with it.

The evidence fully sustained the verdict of the jury. Preparation, lying in wait for an opportunity, striking the deadly blows, all unawares to deceased, for purposes of robbery, all quite clearly appear.

We have treated all questions presented for review by bill of exceptions. We find no error in such rulings. No error is found in other parts of the record.

Affirmed.

The date of executing the sentence of the law having passed, it is ordered that Friday, August 19th, 1938, be and is fixed for the execution of such sentence.

All the Justices concur.