18 So.2d 837

## PUCKETT v. STATE.

### 8 Div. 287.

Supreme Court of Alabama.

June 29, 1944.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the petition.

Claud D. Scruggs, of Guntersville, opposed.

THOMAS, Justice.

The petition is for a writ of certiorari to the Court of Appeals.

The case is thus stated by appellant's counsel:

Appellant was tried and convicted on an indictment charging robbery. His punishment was fixed at twenty years' imprisonment in the penitentiary. The testimony was in conflict. One of the appellant's pleas to the indictment was "not guilty by reason of insanity". In support of this plea he offered, principally, the depositions of Doctors Lee Weathington, W. D. Partlow, Sidney Leach and P. B. Mayfield. Dr. Weathington was the County Health Officer of Marshall County. Doctors Partlow, Leach and Mayfield were connected with the Alabama Insane Hospital, Dr. Partlow being Superintendent thereof.

These depositions dealt with highly technical subjects; but when closely analyzed were calculated to lend considerable

strength to appellant's said plea of "not guilty by reason of insanity".

A jury of laymen merely by hearing said depositions read in evidence may not be able to grasp the full import of their meaning; but if allowed to read same carefully, they would become possessed of a meaning thereby that would redound in favor of a belief of appellant's said plea.

The trial court, over timely objections of the appellant, overruled his motion to permit the jury to take these depositions out with them. To this action of the Court the appellant excepted.

The above statement of facts is as ascertained by the Court of Appeals in reversing this judgment.

The Court of Appeals stated in its opinion: "In our opinion appellant's defense suffered substantially and prejudicially by the jury being denied the privilege of taking said depositions with them to said jury room when they retired to make up their verdict in the case. Appellant duly requested that the jury be allowed to take said depositions out with them, and reserved an exception to the trial court's refusal of this request."

The Court of Appeals held that the appellant had a right to have these depositions taken out by the jury, basing that right upon the opinion of the Supreme Court in Shirley v. State, 144 Ala. 35, 40 So. 269. The Court of Appeals stated, however, that they would not argue the point that it rested with the discretion of the trial court, but held that if it did rest within the discretion of the trial court, that the discretion had been abused and error committed which was highly prejudicial to the appellant. From that holding, the State made application to the Court of Appeals for a rehearing which was overruled. It then filed its application for a writ of certiorari to the Court of Appeals in this Court.

It is urged in this Court that "Here is a case where the 'defense suffered substantially and prejudicially by the jury being denied the privilege of taking said depositions with them to their jury room when they retired to make up their verdict in the case.' The jury was not able to grasp the full import of the meaning of these depositions by having them read to them, but if the same jury had been allowed by the trial court to read these depositions which 'dealt, in their nature, with highly technical subjects,' * * * the defendant had

suffered a verdict against him with a twenty year sentence which might not have been imposed had the jury been given the right to read these depositions."

The text of the Code of 1940, Title 7, § 275, here applicable comes to us unchanged from the Code of 1852, § 2269, and as construed by this Court is embraced in the Code of 1940 without change and under the construction now to be noted.

In Shirley v. State, 144 Ala. 35, 42, 40 So. 269, 271, Mr. Justice Denson observed: "There was no error committed in allowing the written evidence of Klausen to be carried out by the jury. If it was not a matter of right the state had, under section 3329 of the Code of 1896, to have the jury carry the written evidence with them, it was at least a matter that rested in the discretion of the court."

In Alabama City, G. & A. R. Co. v. Heald et al., 178 Ala. 636, 646, 59 So. 461, 464, Mr. Justice Sayre said: "This court, interpreting section 5365 of the Code, seems to have held that it rests within the discretion of the trial court whether showings shall be taken out by the jury on their retirement. Shirley v. State, supra."

In Smith v. State, 142 Ala. 14, 39 So. 329, the showings admitted in evidence were not as a whole, and only a part thereof was read to the jury; hence there was no error in declining to allow the same to be taken to the jury room.

In Anderson v. State, 160 Ala. 79, 81, 49 So. 460, 461, Mr. Justice Denson said: "Whether or not the showings made for the absent witnesses, after being read to the jury, should have been carried by them to their room, rested in the irrevisable discretion of the court. Smith's Case, 142 Ala. 14, 26, 27, 39 So. 329."

We do not think the expression in Anderson v. State, supra, in the use of the words, "rested in the *irrevisable discretion* of the court," is a departure from the other cases which we have cited. [Italics supplied.]

The Court of Appeals held in this case that the judicial discretion as to the matter before us was not the exercise of sound discretion; that it affected the rights of an individual on trial for a felony, and that under his plea of insanity reversible error resulted in not allowing the depositions of the experts on insanity to go to the jury for their consideration; notwithstanding the fact that the showings or depositions had been read to the jury on

58

the trial. This was a finding of fact by the Court of Appeals on the weight of the evidence which we do not review.

The Writ of Certiorari is therefore denied.

Writ denied.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.