24 So.2d 353

**Ex parte BUSH.**

**6 Div. 392.**

Supreme Court of Alabama.

Nov. 29, 1945.

Rehearing Denied Jan. 24, 1946.

Beddow, Ray & Jones, of Birmingham, for petitioner.

GARDNER, Chief Justice.

Petitioner was indicted on July 24, 1945, for the offense of murder in the first de-gree and duly arraigned the following day. Upon arraignment he plead not guilty and not guilty by reason of insanity, and the date of his trial fixed for August 13, 1945. After arraignment and on July 28, 1945, petitioner's present counsel were employed for his defense. On August 3, 1945, an unsworn petition was presented, seeking an inquisition concerning the alleged present unsoundness of mind of the defendant, Isaiah Bush. Title 15, Chapter 21, Art. 2, Code 1940. This petition disclosed that the defendant had served as a member of the armed forces and ·had been hospitalized both in Utah and Illinois, and from these places sent to his home in Alabama; and that thereafter he was again hospitalized at Tuskegee, being treated in these institutions as a patient in the neuropsychiatric wards. Counsel state in their petition that he is of unsound mind and incapable of understanding the proceedings to be had against him. The trial judge denied this petition for inquisition, and petition for mandamus to this Court to require the setting aside of that order and a proceeding for inquisition was here presented.

In answer to the rule nisi, the trial judge states that there was no affidavit or evidence on the part of any disinterested persons that the defendant was of such unsound mind as to require inquisition proceedings in advance. The answer also discloses that the trial judge considered that the matters set up in the petition merely tended to show—given their full face value—that defendant's mental condition was such that he was not suited for military service; that there is no indication that his condition was such as to require confinement, but on the contrary that he was discharged after each treatment, thus indicating that any mental disorder was of a limited nature. The trial judge's answer also indicates that he had made some investigation and received some information concerning the defendant and his mental condition, in that it is averred in the answer as the court's understanding:

"Defendant, since his discharge from the Army, has had all along full charge of his personal affairs with no guardian or other person appointed or needed to receive or handle his pension received from the Government."

And the trial judge further adds that his personal contact with the defendant at the time of his arraignment, though limited, did not indicate such lack of intelligence

352

as set forth in the petition. The answer further discloses that upon arraignment the defendant by his counsel plead not guilty and not guilty by reason of insanity, and at that time expressed no desire for a sanity hearing, which request came later after the jury and the witnesses had been summoned.

There is nothing here to controvert the averments of this answer, which disclosed that the judge had given the matter judicial consideration and declined the request. In matters under this article all the authorities agree that in each instance much must be left to the sound discretion of the trial judge. Reedy v. State, 246 Ala. 363, 20 So.2d 528; Burns v. State, 246 Ala. 135, 19 So.2d 450; Puckett v. State, 246 Ala. 56, 18 So.2d 837; Whitfield v. State, 236 Ala. 312, 182 So. 42; Rohn v. State, 186 Ala. 5, 65 So. 42. Also see note, with full citation of authorities, to be found in 142 A.L.R. p. 966 et seq.; 53 Am.Jur. p. 59.

Counsel for petitioner, recognizing this well-established rule, insist that they have shown an abuse of discretion. But when the answer is considered in connection with the petition, we find ourselves unable to agree that a case of abuse of discretion appears. It results, therefore, that the writ is due to be denied.

Writ denied.

All the Justices concur.