293 So.2d 489

In re James E. PIERCE, alias

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel.

ATTORNEY GENERAL.

SC 611.

Supreme Court of Alabama.

April 18, 1974.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State, petitioner.

Robert R. Bryan, Birmingham, for respondent.

PER CURIAM.

The Writ of Certiorari was granted in this cause on December 12, 1973. After further examination, we are of the opinion that the writ was improvidently granted. Consequently, the writ is due to be quashed.

Writ quashed.

HEFLIN, C. J., MERRILL, COLEMAN and MADDOX, JJ., and LAWSON, Special Judge, concur.

HEFLIN, Chief Justice (concurring in the quashing of the writ):

The petition for writ of certiorari in this case contained only one ground, that being that the opinion of the Court of Criminal Appeals, 52 Ala.App. 422, 293 So.2d 483 was in conflict with a prior opinion of this court.

The defendant here was convicted of first degree murder. On appeal to the Court of Criminal Appeals that court determined that sufficient evidence was adduced at trial to create a "bona fide doubt" as to appellant's competency to stand trial, and thus for that reason "the trial court should have suspended the trial proceeding *sua sponte* pending a hearing and determination of the competency issue." The Court of Criminal Appeals felt that such result was dictated by an opinion of the U. S. Supreme Court in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

The Attorney General in his petition for certiorari alleges that the holding of the Court of Criminal Appeals conflicts with this court's holding in Burns v. State, 246 Ala. 135, 19 So.2d 450 (1944):

"The refusal of the trial court to suspend the trial and submit to a jury an inquisition as to defendant's insanity at the time of the trial under the provisions of § 426 [Title 15, Section 426, Alabama Code of 1940, as amended (Recompiled 1958)] is a matter of discretion and is not reviewable on appeal in the absence of abuse of discretion. Granberry v. State, 184 Ala. 5, 63 So. 975; Rohn v. State, 186 Ala. 5, 65 So. 42; Whitfield v. State, 236 Ala. 312, 182 So. 42."

The writ of certiorari was granted in this case on December 12, 1973. Obviously, the only ground upon which the writ was issued was to review whether the opinion of the Court of Criminal Appeals in this cause was in conflict with the above quoted portion of the opinion in Burns v. State, supra.

There can be no doubt that the only reason that the writ in this case is being quashed is because this court has determined that Burns v. State, supra, is no longer a binding authority. By quashing

the writ, the court, in effect, if not explicitly, is overruling Burns v. State, supra.

In the dissent in Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970) the following views concerning the meaning of Pate v. Robinson were expressed:

"In Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, for the purpose of 'resolving the difficult questions of state-federal relations', the United States Supreme Court made it clear that if a 'sufficient doubt' as to the present competency of an accused is made known to the trial court, then the defendant is constitutionally entitled to a hearing on the issue of his competency to stand trial. In that case the accused before the trial had not requested a hearing on his mental competency to stand trial. However, throughout the trial the counsel for the defendant insisted that Robinson's present sanity was very much in issue; thus the Supreme Court held that sufficient notice was before the trial court to require it to have had a separate hearing concerning defendant's competency to stand trial. The two dissenters to that opinion, Justices Harlan and Black, while mainly disagreeing with the majority on the evaluation of the factual issue, expressed themselves in Justice Harlan's language as follows:

"The Court appears to hold that a defendant's present incompetence may become sufficiently manifest during a trial that it denies him due process for the trial court to fail to conduct a hearing on that question on its own initiative. I do not dissent from this very general proposition, and I agree also that such an error is not 'waived' by failure to raise it and that it may entitle the defendant to a new trial without further proof. * * *. Id., at 388, 86 S.Ct. at 843.

"It is clear from the dissenting opinion as well as from the majority opinion in that case that all nine of the members of the United States Supreme Court agreed that upon sufficient doubt being raised as to the mental competency of a defendant to stand trial that he is entitled to have a separate hearing to determine whether or not he should stand trial under his present mental condition."

\* \* \* \* \* . \*

"[T]he impact of Pate v. Robinson, supra, transcends all prior decisions of this Court on this point and, therefore, in my opinion, indirectly overrules all such decisions which may be in conflict with it. If sufficient doubt of the defendant's present mental competency is raised, then it is mandatory that there be a judicial hearing to determine his mental competency to stand trial. Such a hearing was not held in the instant case and, therefore, in my opinion, Pate v. Robinson, supra, requires that it be reversed."

In Seibold v. State, supra, the majority did not follow the implications of the *Pate* decision and chose to rely on the rule stated in Burns v. State, supra, and companion cases, and affirmed Seibold's conviction, stating:

"Under Section 426, supra, [Title 15, Section 426, Alabama Code of 1940, as amended (Recompiled 1958)] it is within the discretion of the trial court to grant or refuse a motion to execute an inquisition as to the mental status of the defendant at the time of trial. Granberry v. State, 184 Ala. 5, 63 So. 975; Burns v. State, 246 Ala. 135, 19 So.2d 450. Furthermore, the refusal of the trial court to suspend the trial and submit to a jury an inquisition as to the defendant's sanity under the provisions of this section at the time of trial is not revisable on appeal. Rohn v. State, 186 Ala. 5, 65 So. 42; Whitfield v. State, 236 Ala. 312, 182 So. 42."

Seibold then applied to the United States District Court for the Middle District of Alabama for a Writ of Habeas Corpus, which was granted. There the court rec-

ognized that the majority opinion in Seibold v. State, supra, had not followed Pate v. Robinson, supra. In declaring the conviction of Seibold invalid, the court, among other things, stated:

"Section 426, supra, obviously contemplates what due process requires, a determination of the competence of the defendant at the time of his trial to stand trial. However, as with Section 425, supra, the Supreme Court of Alabama has declared that the granting of relief under Section 426, supra, is discretionary with the trial judge, Seibold v. State, 287 Ala. 549, 253 So.2d 302, 308, citing, Granberry v. State, 184 Ala. 5, 63 So. 975; Burns v. State, 246 Ala. 135, 19 So.2d 450, and further that the failure to grant such relief does not constitute reversible error. Seibold v. State, supra, citing, Rohn v. State, 186 Ala. 5, 65 So. 42; Whitfield v. State, 236 Ala. 312, 182 So. 42.

"Therefore, while the trial judge has the statutory means to comply with due process and, upon sufficient cause being presented, to empanel a jury to determine the competency of the defendant to stand trial, he is also legally within his discretion and cannot be reversed in refusing to grant such relief. However, should the trial judge refuse to grant relief under Section 426, supra, where reasonable cause has been shown to doubt the defendant's competency, he cannot constitutionally try and convict the defendant without making some other determination of his competency to stand trial. Pate v. Robinson, supra; Lee v. Alabama, supra [5 Cir., 386 F.2d 97]."

\*   \*   \*   \*   \*   \*

"[I]t is apparent that, upon the denial the Petitioner's motions made pursuant to Section 426, supra, the trial court did not further inquire into the Petitioner's mental competency to stand trial. In failing to so inquire the trial court denied the Petitioner due process of law, as required by the Fourteenth Amendment, and, therefore, his trial and conviction were unconstitutional and invalid. It is clear from the record in these proceedings that there was reasonable cause furnished by the affidavits of three qualified psychiatrists to doubt the Petitioner's mental competency to stand trial, and a determination either under Section 426, supra, or by other means cognizant with due process under Pate v. Robinson, supra, was necessary for a constitutionally sound conviction. His competency at that trial may not now be determined." Seibold v. Daniels 337 F.Supp. 210 (M.D. Ala. 1972).

While the federal district court could not overrule a case law rule of this court, this court is under no such disability. By quashing the writ in this case, it is clear that this court has overruled Burns v. State, supra; Seibold v. State, supra; Granberry v. State, 184 Ala. 5, 63 So. 975 (1913); Rohn v. State, 186 Ala. 5, 65 So. 42 (1914); Whitfield v. State, 236 Ala. 312, 182 So. 42 (1938), and Ex Parte Bush, 247 Ala. 351, 24 So.2d 353 (1946), as those cases would apply to the point in issue.

The law is now settled that if sufficient doubt of the defendant's present mental competency is raised before or during trial, then it is mandatory that there be a judicial hearing to determine his mental competency to stand trial, and that the refusal of the trial court to grant such a hearing is reviewable.

I concur in the quashing of the writ.

LAWSON, Special Judge, concurs.