296 So.2d 892

**Clarence Junior TILLIS, alias**

v.

**STATE of Alabama.**

**SC 823.**

Supreme Court of Alabama.

June 20, 1974.

522

---

Kenneth R. Cain, Ozark, for appellant.

William J. Baxley, Atty. Gen., Montgomery and Jonathan P. Gardberg, Sp. Asst. Atty. Gen., Mobile, for the State.

FAULKNER, Justice.

The defendant, Tillis, was charged in a two-count indictment with rape, and burglary with intent to steal or commit rape. He was tried by a jury in the Coffee County Circuit Court and found guilty on both counts. Punishment was set by the jury at 56 years in the State penitentiary.

The facts surrounding this case are: On July 1, 1973, prosecutrix was alone at her home in Enterprise, Alabama, watching television in her living room, dressed in a blouse and underwear. She was seven months pregnant. At 12:00 or 12:30 A.M. she heard a noise in the back bedroom, to which she paid no attention, at first. When she turned from viewing the televi-

sion set she observed a male in her living room door. He said nothing. He had a knife in his mouth. She started to scream, but he grabbed her and told her, "Don't scream and I won't hurt you." He tore off her underwear. In her struggle with him, her hand was cut. She told him she was pregnant and not to hurt her baby. He tried to have sexual relations with her in the living room but was unsuccessful. He suggested that they go to the back bedroom. There the act occurred. She testified she was frightened and in a state of shock when she went to the bedroom with Tillis. After he left she went to her mother's house and called the police.

One error alleged in this appeal is the denial of a motion for mistrial based on a remark made by the District Attorney. The record indicates the following took place:

"MR. HOLLIS: He says that in fact we have had two weeks to prepare for this case, Mr. Fuller has too. Where were his witnesses? Other than—

"MR. FULLER: We would object.

"THE COURT: Yes, sustain that.

"MR. FULLER: We move for a mistrial . . .

"THE COURT: Gentlemen, you will not consider that. This is not evidence . . ."

From the record, it appears the remark was made in rebuttal to an earlier statement during argument of defense counsel that the State had ample time to prepare its case but the defense did not. The defense offered five witnesses who testified as to the good character of Tillis. The remark could have possibly been interpreted by defendant as a comment on his failure to take the stand in his own behalf or his lack of material evidence. In an appropriate context this is highly prejudicial and would require reversal. But, here the trial court sustained the objection and im-mediately admonished the jury not to consider the remark. In view of the indirect thrust of the remark and the prompt action of the trial judge, the remark was rendered "innocuous." Johnson v. State, 272 Ala. 633, 133 So.2d 53 (1961); Davis v. State, 259 Ala. 212, 66 So.2d 714 (1953); Massey v. State, 49 Ala.App. 341, 272 So. 2d 267 (1972); Williams v. State, 43 Ala. App. 343, 190 So.2d 556 (1966). There was no error here.

At arraignment Tillis entered a not guilty plea. Six days later his court appointed counsel filed a motion for a sanity investigation. Title 15, § 428, Code of Alabama 1940, Recompiled 1958. The court, ex mero motu, had Tillis examined by a court appointed physician who declared him to be "sane and of fair intelligence." Motion for sanity investigation was denied. Tillis complains of errors surrounding the motion.

First, Tillis alleges that a plea of not guilty by reason of insanity does not present to the trial court an issue of mental competency at the time of the trial. However, the record does not show that Tillis entered a plea of not guilty by reason of insanity. He merely reserved the right to enter such plea. It is difficult to ascertain what error is being alleged.

The defendant contends that at no time was there a valid determination of his competency to stand trial and assist in his own defense. This raises several issues of paramount importance. In the case of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the Supreme Court of the United States enunciated the rule that if a sufficient doubt as to the *present* competency of the accused is made known to the trial court, then the court *must* hold a hearing on the issue of competency to stand trial. The defendant is constitutionally entitled to such a hearing. The law in this State until very recently has been that it is in the complete discretion of the trial judge to implement any sanity investigation, whether under § 425, 426, or 428 of Title 15, Code of Alabama,

1940, Recompiled 1958. Numerous cases have in the past supported this proposition. See Seibold v. State, 287 Ala. 549, 253 So. 2d 302 (1970); Ex Parte Bush, 247 Ala. 351, 24 So.2d 353 (1945); Burns v. State, 246 Ala. 135, 19 So.2d 450 (1944); Whitfield v. State, 236 Ala. 312, 182 So. 42 (1938); Rohn v. State, 186 Ala. 5, 65 So. 42 (1914); Granberry v. State, 184 Ala. 5, 63 So. 975 (1913).

However, in Pierce v. State, 292 Ala. 422, 293 So.2d 489 (1974) (writ quashed), the "old" approach was abandoned in favor of one more in keeping with the due process requirements of *Pate*. Chief Justice Heflin wrote in *Pierce*:

> "The law is now settled that if sufficient doubt of the defendant's present mental competency is raised before or during trial, then it is mandatory that there be a judicial hearing to determine his mental competency to stand trial, and that the refusal of the trial court to grant such a hearing is reviewable."

To the extent the above cited cases conflicted with this holding, they were overruled.

 In light of the above, we still do not feel the trial court was in error. The mere fact that the defendant asked for a sanity investigation under § 428, Title 15, Code of Alabama 1940 certainly did not constitute a "sufficient doubt" or "reasonable cause". If that were the case, a § 426 (competency to stand trial) investigation would become virtually automatic every time the defendant raised any issue relative to present insanity. In *Pate*, supra, the defendant presented four witnesses during trial who testified as to matters of competency. In addition, his counsel repeatedly stated during trial that the issue of competency was in question. All this constituted sufficient notice to the trial court to suspend the trial and conduct an independent investigation of competency to stand trial. In the case of Pierce v. State. 52 Ala.App. 422, 293 So.2d 483 (1973), there was an enormous amount of medical testimony presented by the defendant at trial. The Court of Criminal Appeals thus felt that this should have created a "bona fide doubt" sufficient to cause the trial court to suspend proceedings sua sponte, and determine the issue of competency. Here the defendant presented no evidence of his present mental condition during trial and counsel never raised the issue. The only testimony was that of an interrogating officer who stated the defendant would become "emotionally upset" during questioning, and of the defendant's aunt who said that in her opinion the defendant was not normal. On the other hand the trial court had the defendant examined by a physician who found him to be in all respects lucid. Coupled with these facts, the record indicated that the defendant had successfully completed high school, George Wallace Technical School, and in the words of Detective Rainey considered himself a "near genius in electronics." He was presently holding down a job in a cotton mill. Taking all the facts into consideration, there does not seem to be enough evidence of a lack of mental competence to stand trial. Thus the court was within his authority not to grant an investigation under § 428 or any other Code section. In actuality, § 428 itself is not directed to the competency of the defendant to stand trial, but whether he should be transferred from jail to a state hospital for treatment. Lee v. Alabama, 386 F.2d 97 (5th Cir., 1967). This is a humanitarian consideration which has nothing to do with due process per se. Sections 425 ("the distinguish and resist wrong test") and 426 ("the understand and defend test") provide the defendant with the substantive protections afforded by the laws. See Seibold v. Daniels, 337 F.Supp. 210 (M.D.Ala.1972).

 Next, we come to an alleged error of inadequate counsel during trial. This is a type error that is being alleged more and more on appeals of criminal cases. Here there are no specific allegations. We are of the opinion that before an alleged error of inadequate representation

will have any persuasiveness there must be specific acts of inadequacy appearing in the record and a showing as to how inadequate representation may have affected the verdict. An adequate defense does not mean to imply that counsel will not commit what may later prove to be tactical errors. Matters of trial strategy are left to the judgment of counsel who conducts the defense. Taylor v. State, 291 Ala. 756, 287 So.2d 901 (1973). Here the defendant was adequately represented in accordance with what the law provides.

 The defendant makes the argument that because of his indigency, he was not able to adequately investigate or procure witnesses in his defense, and the State does not award sufficient funds to pay an attorney and do those things, too. To be sure an indigent defendant is in a difficult position. This question has been raised before. Wheeler v. State, 47 Ala.App. 457, 256 So.2d 197 (1971). While some provisions are made for this in the federal system, it is not the present situation in this State. This of necessity requires a defendant who wants to press an issue of mental competence to rely on whatever testimony comes out of a court ordered investigation under the sections discussed above, rather than on testimony from personally procured psychiatric specialists. We can offer no relief at this juncture which would alleviate this problem, but cannot say in this case that the defendant was denied due process of law. Finally, the defendant claims that the trial court's failure to charge the jury as to the question of legal sanity at the time of the offense constitutes error. There was no refusal of such a charge by the trial court because none was requested by the defense. There was no exception to the oral charge prior to the time the jury retired to consider the case. It has been often stated that when the defendant and his counsel are in court and hear the oral charge, that is the time to voice any objections to the substance of what is said. The defendant can't remain silent and speculate on a favorable verdict,

tacitly reserving his objection for a possible appeal. Cox v. State, 280 Ala. 318, 193 So.2d 759 (1967).

After studying the defendant's arguments and carefully reviewing the record, we conclude there is no error upon which to base a reversal.

Affirmed.

MERRILL, HARWOOD and MADDOX, JJ., concur.

HEFLIN, C. J., concurs in the result.