LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a conviction of attempt to commit the crime of murder by shooting the alleged victim with a pistol and a sentence to imprisonment for thirty years. According to Alabama Criminal Code § 13A-4-2(d), such an offense is a Class A felony; according to § 13A-5-6(a)(1), the punishment for a Class A felony is “for life or not more than 99 years or less than 10 years.”
The only issue presented in appellant’s brief is the following:
“Whether Defendant in the instant case was denied due process of law because of the failure of the trial court to hold a separate hearing to determine the Defendant’s sanity in accordance with Section 15-16-21, Code of Alabama, 1975.”
Section 15-16-21 provides:
“If any person charged with any felony is held in confinement under indictment and the trial court shall have reasonable ground to doubt his sanity, the trial of such person for such offense shall be suspended until the jury shall inquire into the facts of such s'anity, such jury to be empanelled from the regular jurors in attendance for the week or from a special venire as the court may direct. If the jury shall find the accused sane at the time of its verdict, it shall make no other inquiry, and the trial in chief shall proceed. If it finds that he is insane at that time, the court shall make an order committing him to the Alabama state hospitals, where he must remain until he is restored to his right mind. When the superintendent of the hospitals shall be of opinion that such person is so restored, he shall forthwith, in writing, inform the judge and sheriff of such court *97 of the fact, whereupon such person must be remanded to jail on an order of such judge and the criminal proceedings resumed. In no event shall such a person be set at large so long as such prosecution is pending or as long as he continues to be insane.”
It is to be observed from the first few words of the relatively long section of the Code just quoted that the provisions thereof do not come into operation until the person charged with a felony is held in confinement under indictment. According to the undisputed evidence in this case, the alleged crime occurred on October 15, 1982. The defendant was promptly arrested, but he was not indicted until four months thereafter, February 16, 1983. Soon after defendant’s arrest, he was brought before the judge of the District Court of Clarke County and was there advised of his Constitutional rights, including his right to a preliminary hearing and his right to “court-appointed counsel” if he was indigent and desired counsel. It was determined that he was indigent and that he desired counsel, and the District Court appointed counsel to represent defendant. The court-appointed counsel demanded a preliminary hearing. However, before any preliminary hearing was apparently conducted, information was brought to the attention of the judge of the Clarke County Circuit Court, by Mental Health Coordinator Elizabeth Vredenburg of Southwest Alabama Mental Health/Mental Retardation Board, that defendant had previously been in Search Hospital where his primary diagnosis was “Schizophrenic Disorder, Paranoid Type,” that at the request of the Clarke County Sheriff the defendant had been investigated by a representative of the Board of which she was mental health coordinator and that she recommended that defendant “be hospitalized at the Forensic Unit at Bryce Hospital.” On November 29, 1982, the resident judge of the First Judicial Circuit of Alabama residing in Clarke County ordered that the Clarke County Sheriff deliver defendant to the custody of the Taylor Hardin Secure Medical Facility in Tuscaloosa, Alabama, to then and there be examined and treated and that said “Medical Facility be directed to make a report to this Court of the result of their examination.”
On December 20, 1982, the director of Taylor Hardin Secure Medical Facility rendered a two-page report to said Circuit Judge, with a copy thereof to defendant’s attorney, which was concluded as follows:
“Our evaluation being completed, I am requesting the appropriate court order be issued remanding MR. LOVE to the custody of the Clarke County Circuit Court for the resumption of legal proceedings.”
As already observed, all of the proceedings relative to the evaluation of defendant as to the question of his sanity were prior to any indictment. Soon after return of the indictment, the trial court set the date for an arraignment. On March 1, 1983, defendant’s attorney filed a motion to withdraw as defense counsel, in which he alleged the following:
“4. Defense counsel should be permitted to withdraw from the representation of the Defendant on the following grounds:
“A. Defense counsel has not been able to communicate with his client in a meaningful manner;
“B. Defense counsel believes that there has been a substantial breakdown in the Attorney-client relationship;
“C. Defendant knowingly and freely assents to and requests the termination of Defense counsel’s employment; “D. That an irreconcilable conflict has arisen from these circumstances which can only be remedied by allowing counsel to withdraw from the above styled cause;
“5. The best interest of the Defendant will be served by the withdrawal of defense counsel;”
On March 10, 1983, the motion of defendant’s court-appointed counsel was granted; on March 14, 1983, defendant was arraigned while appearing with his newly ap *98 pointed counsel and pleaded not guilty. He was represented thereafter by said newly appointed counsel, who continues to represent him as such on appeal.
In appellant’s brief, it is stated:
“On March 14, 1983, at arraignment, the Appellant refused to allow his attorney to enter a plea of not guilty by reason of insanity (R.ll).”
Our review of all the transcript of the proceedings tends to convince us that there is considerable merit in appellant’s contention that there was reasonable ground to doubt defendant’s sanity and that it would have been advisable for the trial of the case to have been “suspended until the [a] jury shall inquire into the fact of such sanity,” as provided in Code of Alabama 1975, § 15-6-21. Nevertheless, there is considerable, if not more, merit in an opposite contention. If the trial court had “reasonable ground to doubt his sanity,” it was mandatory upon the trial court to empanel a jury to determine the issue. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Pierce v. State, 52 Ala.App. 422, 293 So.2d 483 (1973), writ quashed, 292 Ala. 745, 293 So.2d 489, vacated, 57 Ala.App. 633, 330 So.2d 615 (1974).
However, the hypothetical clause of the proposition of law just stated remains unestablished. The trial court did not state, and the transcript does not show with reasonable certainty, that while defendant was under indictment the trial court had reasonable ground to doubt defendant’s sanity. We cannot assume that the trial court had reasonable ground to doubt defendant’s sanity. If the trial court had previously had reasonable ground to doubt defendant’s sanity, such ground could have well been removed by the report of the director of Taylor Hardin Secure Medical Facility, which contains the following as its first paragraph:
“In summary, Mr. Love was admitted on December 1, 1982, evaluated by the clinical staff and reviewed concerning his competency status by the Competency Evaluation Board on December 16, 1982. Mr. Love is viewed as not suffering from any significant psychiatric disturbance at the present time. It is the opinion of the Board that Mr. Love is presently competent to stand trial; he can communicate with his attorney in a rational manner; he does have a rational as well as factual understanding of the charges pending against him.”
Such proceeding was authorized by Code of Alabama 1975, § 15-16-20. It is to be noted that Section 15-16-20 expressly permits, but does not require, the trial court to “call a jury” to hear and determine the issue as to sanity of the accused prior to the return of an indictment against him.
Notwithstanding any inability on our part to determine with reasonable certainty the issue as to defendant’s sanity vel non, we are persuaded that there was no error on the part of the trial court in its “failure ... to hold a separate hearing before a jury for the purpose of a determination of that issue.”
We find it unnecessary to discuss in detail the evidence on the trial of the case. We merely recite that which follows in the hope that it will be in the best interest of the appellant, the victim of the alleged crime, and all others directly concerned who mainly are persons related to one another by blood or marriage. The evidence shows that there was bad feeling between the defendant and the alleged victim, defendant’s brother, and that there was bad feeling toward defendant by other members of the family. The defendant admitted that he shot his brother with a pistol but testified that in shooting the pistol he did not intend to hit his brother or anyone else. There were preceding circumstances in which drinking of alcoholic beverages had a part that led to quarrels and misunderstandings. All of which tends to evoke sympathy and pity from others. May they all be assured that they all have our best wishes in the hope that a better relationship will exist among them in the future than prevailed prior to the commission of the alleged crime.
The judgment of the trial court should be affirmed.
*99 The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.