The issue in this case is whether a circuit judge has the authority under Ala. Code 1975, § 15-16-21, to order a competency evaluation of an indicted defendant who has been found previously to be incompetent to stand trial and who is free on a pre-trial bond.
In 1975, Heflin Mack Lankford was indicted, tried by a jury, and convicted of first degree murder. This Court reversed that conviction on appeal. Langford v. State,[1] 354 So.2d 297
(Ala.Crim.App.), reversed, 354 So.2d 313 (Ala. 1977). In 1978, Lankford was indicted for second degree murder. On May 12, 1978, a competency hearing was held to ascertain if Lankford was competent to stand trial. The Honorable Perry O. Hooper, Circuit Judge of Montgomery Circuit Court, concluded that there was sufficient cause to delay the case against Lankford. On May 25, 1978, a second competency hearing was held again by Judge Hooper, who declared that Lankford was not mentally and physically competent to stand trial. On November 11, 1979, the case against Lankford was withdrawn until sufficient evidence to indicate that Lankford was mentally and physically competent to stand trial was presented. A third competency hearing for Lankford was conducted on April 15, 1982. Again, on May 10, 1982, the case against Lankford was withdrawn. On August 21, 1986, a hearing was held to consider a defense motion to dismiss the case against Lankford. On August 25, 1986, the Honorable H. Mark Kennedy, then Circuit Judge of Montgomery County, ordered the case against Lankford again withdrawn. On February 24, 1989, the State filed a motion to set the case against Lankford for trial. On June 14, 1989, the Honorable Mark G. Montiel, Circuit Judge of Montgomery County, held a hearing on the State's motion *Page 42 
to set the case for trial. On June 15, 1989, Judge Montiel ordered that Lankford be transported to the Taylor Hardin Secure Medical Facility for examination and clinical evaluation concerning Lankford's competency to stand trial, as set forth in Ala. Code 1975, § 15-16-21. On that same day, Lankford's attorney filed a petition for writ of mandamus with the Court of Criminal Appeals, which was denied on June 19, 1989. On June 20, 1989, Lankford's attorney filed with the Court of Criminal Appeals a motion to stay the trial judge's order; that motion was denied that same day. On June 21, 1989, Lankford's attorney filed a petition for writ of mandamus with this Court. In his petition, Lankford asks this Court to do two things: (1) to order the trial judge to rescind his order requiring Lankford to report for evaluation at the Taylor Hardin Secure Medical Facility, and (2) to order an immediate stay of the ordered evaluation until such time as this Court can decide upon Lankford's petition. On July 12, 1989, this Court granted the requested stay pending final disposition of the petition for writ of mandamus.
Lankford's attorney argues that under Ala. Code 1975, §15-16-21, the trial judge did not have the authority to order Lankford to submit to a competency evaluation. He argues that because Lankford had been adjudged incompetent to stand trial on previous occasions, and because Lankford was free on pre-trial bond, and was not, he argues, held in "confinement" within the meaning of Ala. Code 1975, § 15-16-21, the trial judge's action was unauthorized.
In Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836,15 L.Ed.2d 815 (1966), the Supreme Court held that a court must sua sponte conduct an inquiry into a defendant's mental capacity to stand trial whenever it learns of facts or events that raise a "reasonable ground to doubt" the defendant's competency. Id.,383 U.S. at 387, 86 S.Ct. at 843, 15 L.Ed.2d at 823. In Tillisv. State, 292 Ala. 521, 296 So.2d 892 (1974), this Court stated:
 "In the case of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the Supreme Court of the United States enunciated the rule that if a sufficient doubt as to the present competency of the accused is made known to the trial court, then the court must hold a hearing on the issue of competency to stand trial. The defendant is constitutionally entitled to such a hearing. The law in this State until very recently has been that it is in the complete discretion of the trial judge to implement any sanity investigation, whether under § 425, 426, or 428 of Title 15, Code of Alabama, 1940, Recompiled 1958. Numerous cases have in the past supported this proposition. See Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970); Ex parte Bush, 247 Ala. 351, 24 So.2d 353 (1945); Burns v. State, 246 Ala. 135, 19 So.2d 450 (1944); Whitfield v. State, 236 Ala. 312, 182 So. 42
(1938); Rohn v. State, 186 Ala. 5, 65 So. 42
(1914); Granberry v. State, 184 Ala. 5, 63 So. 975
(1913).
 "However, in Pierce v. State, 292 Ala. 422 [745], 293 So.2d 489 (1974) (writ quashed), the 'old' approach was abandoned in favor of one more in keeping with the due process requirements of Pate.
Chief Justice Heflin wrote in Pierce:
 " 'The law is now settled that if sufficient doubt of the defendant's present mental competency is raised before or during trial, then it is mandatory that there be a judicial hearing to determine his mental competency to stand trial, and that the refusal of the trial court to grant such a hearing is reviewable.'
 "To the extent the above cited cases conflicted with this holding, they were overruled."
292 Ala. at 523-24, 296 So.2d at 894.
The pertinent portion of Ala. Code 1975, § 15-16-21, reads as follows:
 "If any person charged with any felony is held in confinement under indictment and the trial court shall have reasonable ground to doubt his sanity, the trial of such person for such offense shall be suspended until the jury shall inquire into the fact of such sanity, such jury to be impaneled from the regular jurors in attendance for the week or from a special venire, as the court may direct." *Page 43 
In Anderson v. State, 510 So.2d 578 (Ala.Crim.App. 1987), the Court of Criminal Appeals stated:
 "In Livingston v. State, 419 So.2d 270
(Ala.Cr.App. 1982), this court concluded that under provisions of § 15-16-21, Code of Alabama 1975, if a defendant is under indictment for a felony and the trial court finds that there is a reasonable and bona fide doubt as to his sanity the trial court is obligated to further investigate either by submitting the issue to a jury or establishing some alternative method of determining his competency. Livingston, 419 So.2d at 274. This court held that if a bona fide and reasonable doubt does exist in the trial court's mind then such a determination under § 15-16-21 is mandatory. Id., citing, Atwell v. State, 354 So.2d 30 (Ala.Cr.App.), cert. denied, 354 So.2d 39 (Ala. 1977)."
510 So.2d at 580.
In the case before this Court, Lankford asks us to declare that the trial judge's order requiring him to submit to a competency evaluation at the Taylor Hardin Secure Medical Facility is unauthorized under Ala. Code 1975, § 15-16-21, since he has been adjudged incompetent to stand trial on previous occasions, and since he was free on pretrial bond and was not, he argues, held in "confinement" within the meaning of the statute, during the trial judge's proceeding.
It is true that Lankford had been adjudged incompetent to stand trial on previous occasions; nevertheless, such past determinations of incompetency do not preclude a trial judge from again conducting a competency hearing, because Ala. Code 1975, § 15-16-21, deals with the determination of the "present capacity" of an accused to stand trial. Billups v. State,338 So.2d 478 (Ala.Crim.App. 1976). Also, despite the assurances by Lankford's medical experts that his past condition of incompetency would not change, a trial judge is not bound by such expert assertions regarding a defendant's competency.Bailey v. State, 421 So.2d 1364 (Ala.Crim.App. 1982).
The record also reveals that the trial judge possessed "reasonable doubt" as to Lankford's competency to stand trial during his proceeding. Despite the fact that Lankford has been adjudged incompetent in the past, the trial judge was presented by the district attorney with videotaped evidence tending to show that Lankford's condition had changed. The videotape depicted Lankford making trips to a liquor store and trips to a bank and engaging in maintenance around his home. That videotaped evidence, coupled with the prior judicial declarations of Lankford's incompetency, were enough facts to raise "reasonable doubt" in the mind of the trial judge.
As noted in Tillis v. State, supra, once a trial judge has "reasonable doubt" concerning the present competency of an accused to stand trial, the trial judge is constitutionally required to conduct a competency hearing. As stated in Andersonv. State, supra, a trial judge has two alternatives for ascertaining the competency of an accused under Ala. Code 1975, § 15-16-21, to stand trial: (1) He may impanel a jury or (2) he may, within his discretion, refuse to submit the competency determination to a jury and establish "some other alternative method" of determining the competency of the accused to stand trial which complies with due process. The decision of the trial judge ordering Lankford to submit to a competency evaluation at the Taylor Hardin Secure Medical Facility comports with that second method available to a trial judge under the statute. In Doughty v. Tarwater, 261 Ala. 263,73 So.2d 540 (1954), this Court held that §§ 425, 426, and 428 of Title 15, Code of Alabama 1940 [precursor to Ala. Code 1975, §15-16-21] did not violate the due process clause of the United States or Alabama Constitutions.
Finally, the Court addresses the argument raised by Lankford's attorney that the disputed order was unauthorized because Lankford was free on a pre-trial bond at the time of the trial judge's proceeding leading to the order and because, he argues, Lankford was not held in "confinement" within the meaning of Ala. Code 1975, § 15-16-21. The record reveals that, as part of the order, the trial judge permitted Lankford to remain free on his bond *Page 44 
until such time as the competency evaluation could be scheduled, at which time "defendant [Lankford] shall surrender himself to the Sheriff of Montgomery [County], Alabama, accompanied by Montgomery County Detention Facility medical personnel, for such evaluation."
"Confinement" can be either a moral or a physical restraint.Black's Law Dictionary, 270 (5th ed. 1979). A reading of the trial judge's order clearly demonstrates that Lankford was under a "moral and legal" obligation to present himself for submission to a later scheduled competency evaluation. Such an obligation clearly acts as a "restraint" upon Lankford. Therefore, this Court does not accept the argument that Lankford was not held in "confinement" when the trial judge rendered his order.
In light of the foregoing reasons, this Court cannot say that the trial judge's order submitting Lankford to a competency evaluation to be conducted at the Taylor Hardin Secure Medical Facility was unauthorized under Ala. Code 1975, § 15-16-21. For that reason, this Court declines to issue the writ of mandamus sought by Lankford's attorney.
WRIT DENIED.
HORNSBY, C.J., and ADAMS,
HOUSTON and STEAGALL, JJ., concur.
[1] In the 1977 opinion, the petitioner's last name was spelled "Langford." In the papers filed with this petition, it is spelled "Lankford." It is undisputed that both spellings refer to the petitioner.
 ON APPLICATION FOR REHEARING