On application for rehearing, the petitioner raises one point. He contends that this Court erred in determining that he was "in confinement" within the meaning of Ala. Code 1975, §15-16-21, because he had been released on bail. He cites Exparte State ex rel. Patterson, 268 Ala. 524, 108 So.2d 448
(1958), in which the State of Alabama petitioned this Court to issue a writ of mandamus to compel a circuit judge to commit a defendant to the state mental hospital for examination. In that case, the defendant was on bail; he had not pleaded not guilty by reason of insanity, nor had he asserted that he was mentally incompetent to stand trial. Furthermore, in that case, the defendant had been admitted to bail "on [a] joint recommendation of the State of Alabama and the defendant." The trial judge, exercising his discretion, refused to commit the defendant.
In Tillis v. State, 292 Ala. 521, 524, 296 So.2d 892, 894
(1974), which is cited and quoted in the original opinion in this case, this Court enunciated the rule, as follows:
 "In the case of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the Supreme Court of the United States enunciated the rule that if a sufficient doubt as to the present competency of the accused is made known to the trial court, then the court must hold a hearing on the issue of competency to stand trial. The defendant is constitutionally entitled to such a hearing. The law in this State until very recently has been that it is in the complete discretion of the trial judge to implement any sanity investigation, whether under § 425, 426, or 428 of Title 15, Code of Alabama, 1940, Recompiled 1958. . . .
 "However, in Pierce v. State, 292 Ala. 422 [745], 293 So.2d 489 (1974) (writ quashed), the 'old' approach was abandoned in favor of one more in keeping with the due process requirements of Pate." (Emphasis on "present" and "must" original; other emphasis added).
The principles of law and interpretations thereof made inEx parte State ex rel. Patterson, supra, cited by the petitioner have been overruled to some extent by Tillis.
Although Ex parte State ex rel. Patterson was not included in the list of cases explicitly overruled by Tillis, to the extent that it conflicted with the holding in Tillis, we are of the opinion that it should have been included and that it has been to that extent overruled.
The present rule, as stated in our original opinion in this case, which quotes from Anderson v. State, 510 So.2d 578
(Ala.Crim.App. 1987), is as follows:
 "[I]f a defendant is under indictment for a felony and the trial court finds that there is reasonable and bona fide doubt as to his sanity the trial court is obligated *Page 45 
to further investigate either by submitting the issue to a jury or establishing some alternative method of determining his competency."
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
HORNSBY, C.J., and ADAMS, HOUSTON and STEAGALL, JJ., concur.