132 So.2d 758

**Ex parte James H. MOODY.**

**6 Div. 840.**

Court of Appeals of Alabama.

Sept. 5, 1961.

**368**

James H. Moody, pro se.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The petition purports to be in the nature of an application to file for the writ of error coram nobis.

It is alleged that petitioner "was not mentally present in court at the time he was tried, convicted and sentenced, and that as a consequence thereof he was convicted in wholly disregard of his constitutional rights and the judgment of conviction is an absolute nullity and wholly void."

Because that: "Prior to when Petitioner was tried, convicted, and sentenced, he was committed to Bryces Hospital, the State's Mental Hospital, at Tuscaloosa, Alabama, and while there he was adjudged by an examining Board of Psychiatrist (sic) to be Non Compus Mentos (sic): Such findings by the Board has never changed and his mental competency adjudicated as Non Compus Mentus (sic) has never been readjudicated."

Petitioner prays: "That the court issue a Subpoena duces tecum directing the Superintendent of Bryces Hospital, Tuscaloosa, Alabama, to appear in court and produce the mental history, records and files, of petitioner, such as are in his control and supervision."

On appeal to this court from the judgment of conviction, in Moody v. State, 40 Ala.App. 373, 113 So.2d 787, we said:

"Appellant, James H. Moody, was indicted for murder in the first degree for the fatal shooting of his fifteen-year-old stepson. This is the second appeal in this case. On the first trial defendant interposed pleas of "not guilty" and "not guilty by reason of insanity." He was convicted of murder in the second degree and sentenced to 50 years imprisonment in the penitentiary.

"On appeal the cause was reversed and remanded for the refusal of the trial court to admit certain evidence as to defendant's mental condition. Moody v. State, 267 Ala. 204, 100 So. 2d 733.

"After remandment trial was had on defendant's plea of 'not guilty,' resulting in conviction of murder in the second degree and punishment fixed at ten years imprisonment in the penitentiary."

It is shown by the opinion of the Supreme Court on the first appeal, Moody v. State, supra, that a preliminary investigation as to defendant's sanity was made under the provisions of Title 15, Section 425, Code of Alabama 1940; that defendant was admitted to the Alabama Insane Hospital on February 28, 1956, and remained there until February 6, 1957, at which time he was released to the sheriff of Jefferson County.

█ It is only after the commission of lunacy provided for by said code section has made its written report finding the defendant to be presently sane that the state may proceed with the trial. Benton v. State, 31 Ala.App. 338, 18 So.2d 423.

█ The purpose of the report of the lunacy commission is only for the information of the trial judge to aid him in determining the proceedings to be taken in regard to defendant after the report is filed and not having the sanction of an oath, is not admissible in evidence on the trial. Benton v. State, 245 Ala. 625, 18 So.2d 428; Benton v. State, 31 Ala.App. 338, 18 So.2d 423, supra.

The opinions of the Supreme Court and this court on the appeals of Moody v. State, supra, contain complete answers to petitioner's contentions.

The petition is insufficient and without merit, and the Attorney General's motion to strike the petition is hereby granted.

Petition dismissed.