221 So.2d 397

Willie Lee **STINSON**

v.

**STATE.**

5 Div. 699.

Court of Appeals of Alabama.

Oct. 22, 1968.

Rehearing Denied Nov. 12, 1968.

McKee & Maye, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

Stinson shot and killed his wife with a pistol. He pled not guilty both on the general issue and because of insanity. The jury found him guilty of voluntary manslaughter and fixed his punishment at eight years in the penitentiary. After judgment thereon appeal was noted.

The defense adduced a clinical psychologist qualified as an expert witness on Stinson's sanity. Through this witness counsel sought to introduce (Exhibit "A") a report made six weeks before trial. This report was in response to a court order and related to the psychologist's examination of Stinson both as to Stinson's condition at the time of the shooting (June 28, 1966) and at the date of the report, April 10, 1967.

The State objected on the ground that the witness was in court. The defense argued that the report was in essence a .record. The trial judge sustained the objection.

█ We hold that the report comes under the contemporary memorial doctrine of the Business Records Act, Code 1940, T. 7, § 415, and reverse the judgment.

█ The enquiry as to sanity on a plea of not guilty by reason of insanity is broad. Moody v. State, 267 Ala. 204, 100 So.2d 733; Barbour v. State, 262 Ala. 297, 78 So.2d 328; and cases there cited. See also Johnson v. State, 42 Ala.App. 511, 169 So. 2d 773.

The report was from Lee County Mental Health Center and was over the expert's signature. It is clearly distinguishable from the report of a multi-practitioner lunacy commission. We consider that Ward v. State, 44 Ala.App. 229, 206 So.2d 897, was

**6**

a sufficiently similar case to be a precedent here.

That the witness was in court afforded the State ample opportunity to cross examine the witness within the issues raised by the defendant's two pleas. Riddle v. Dorough, 279 Ala. 527, 187 So.2d 568.

While it may be that the report would have been cumulative to what the expert would have testified viva voce yet the defense was entitled to show what the witness opined at the time he made the report and in context as an entirety. This point overcomes the reason advanced in Benton v. State, 245 Ala. 625, 18 So.2d 428.

The judgment below is reversed and the cause remanded to the circuit court for new trial.[1]

Reversed and remanded.

JOHNSON, Judge (dissenting).

The majority, citing Ward v. State, 44 Ala.App. 229, 206 So.2d 897, has held that a letter written by Dr. Moon and addressed to the court concerning a psychiatric examination of the appellant came under the contemporary memorial doctrine of the Business Records Act, Code, 1940, Tit. 7, Sec. 415.

In my opinion, the letter written by Dr. Moon was properly excluded from the jury's consideration as the doctor was on the stand and was able to and did testify in person as to his examination of the appellant and what his conclusions from the examination were. The majority admits the probability that the letter would have been cumulative to what the doctor testified *viva voce.*

In my judgment the letter differs considerably in make-up from that document in the *Ward* case and does not fall with the purview of Code, 1940, Tit. 7, Sec. 415.

In *Ward,* supra, the document in question was a hospital chart kept in the regular course of medical treatment of the patient while in Bryce Hospital.

In the case at bar, the document is a letter, a communication from a physician, stating what his observations and opinions were as to the appellant's mental condition. The letter could not be considered a record made in the regular course of medical treatment and does not fall within the purview of Tit. 7, Sec. 415, supra.

Therefore, I am of the opinion that excluding the letter from consideration of the jury was not reversible error and vote to affirm the judgment of the lower court. For the above reason, I respectfully dissent from the majority opinion.

---

1. The writer considers that no other reasonable jury, even with the report admitted, would have come to a different verdict. However, the "no other rea-

sonable jury" supposition is not permissible as a standard of appellate review because of the settled construction of Supreme Court Rule 45.