This is an appeal from a conviction of murder in the first degree and a sentence to life imprisonment.
It is a companion case to Flanagan v. State, Ala.Cr.App.,369 So.2d 46 (1979) and Charlene Madison Thompson v. State, Ala.Cr.App., 369 So.2d 50, cert. denied, Ala., 369 So.2d 52
(1979). In each of the cited cases, a conviction of each defendant-appellant for murder in the first degree of Veronica Wilson, the alleged victim in this case, was affirmed. The evidence in the case under consideration, as well as in the other two cases, shows without dispute that the victim was brutally slain by being stabbed to death while she was with appellant, appellant's wife Charlene, and Flanagan late at night, January 6-7, 1978, at an isolated place in Coalburg, Jefferson County, to which the four had traveled in appellant's automobile. The wife of appellant herein, the defendant-appellant in Charlene Madison Thompson, supra, was the chief witness against defendant in Flanagan; in the instant case Flanagan was the chief witness against defendant; appellant herein did not testify in Flanagan, supra; in testifying in his own defense in Flanagan, supra, Flanagan said that Thompson and his wife killed Veronica while Flanagan waited in the automobile.
As there is no contention on this appeal that the evidence is not sufficient to sustain *Page 1133 
the verdict and as our review of the record convinces us that there is no reasonable basis for such a contention, we find it unnecessary to recite facts in addition to those stated above and those discussed in Flanagan, supra.
Appellant presents no issue as to any of the proceedings in the trial court other than as to a proceeding on a hearing before a jury as to defendant's mental competency to stand trial. Appellant contends that the verdict of the jury finding defendant mentally competent to stand trial was contrary to the evidence. He also contends that on the hearing of that issue the trial court erred in admitting in evidence a letter from a psychiatrist who had examined defendant, which letter consisted of a report by the psychiatrist to the court.
On the competency hearing, defendant presented strong evidence by Dr. Robert Estock, a psychiatrist, that defendant was not mentally competent to stand trial at the time. On the other hand, the State presented strong evidence by the testimony of Mrs. Donna Click, who had been employed as a psychiatric social worker in Jefferson County for eight years, that defendant was mentally competent to stand trial at the time. Mrs. Click had a "Masters Degree in Guidance and Counseling and 30 hours work beyond a Masters Degree in General Psychiatry" and on-the-job training. She had worked with psychiatrists in dealing with hundreds of prisoners, including defendant whom she had examined about five times over a period of approximately four years. The evidence on the particular issue was sharply in dispute, and it is not for this Court to say that the verdict of the jury was wrong.
The letter to which defendant objected when offered in evidence was addressed to Judge Wallace Gibson, one of the judges of the Jefferson County Circuit Court. The body of it is as follows:
 "On June 23, 1978, in the Jefferson County Jail, Mrs. Donna Click and I had an occasion to evaluate Lawrence A. Thompson. Historical background was obtained from past records of Mrs. Donna Click. This is a 29-year-old white male incarcerated in the County Jail on a charge of murder.
 "Mental status examination revealed a lucid, alert, oriented young man. His mood was hostile and sad and his affect was appropriate. He was well organized in the psychological sense with right associations. This individual is estimated functioning in an average intellectual range with good reality testing. His past history reveals a sociopathic personality.
 "This individual appears to be manipulating. I do not feel he is psychotic and in my opinion he is competent to stand trial and aid in his defense."
The circumstances of the offer in evidence of the letter, defendant's objection, and the court's ruling were set out in the record as follows:
 "MR. BLACK: Your Honor, we offer what has been marked State's Exhibit 2, which is a Xerox copy of a letter taken from the Court's file to Judge Gibson by Dr. Blankenship concerning evaluation of this defendant.
 "MR. McDONALD: Let me see it. We object to this, may it please the Court. Hearsay.
"THE COURT: Overruled.
 "MR. McDONALD: We except. As grounds, I need to examine the doctor. "(Whereupon, said document, having been previously marked for identification as State's Exhibit 2, was then received in evidence. . . .)"
Code Ala. 1975, § 12-21-43, provides:
 "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence as proof of said act, transaction or event if it was made in the regular course of any business and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of such writing *Page 1134 
or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term, `business' shall include a business, profession, occupation and calling of every kind."
It may well be that the State should have called Dr. Blankenship to testify as to his examinations and opinion as to the mental competency of defendant, but Ala. Code 1975, §12-21-43, prescribes exceptions to the hearsay rule of exclusion. In Gamble, McElroy's Alabama Evidence, (3d ed. 1977), § 254.01 (6), it is stated:
 "The business entries exception to the hearsay evidence rule is applicable in criminal as well as civil cases and records made in conformity with the rule may be introduced by either the accused or the state."
Appellant relies largely upon Pierce v. State, 52 Ala. App. 422,293 So.2d 483 (1973), cert. den. 292 Ala. 745, 293 So.2d 489
(1974), in which the trial court was upheld in its rejection of a letter to an expert witness for defendant from a psychologist. The court held:
 ". . . We hold that the letter was properly rejected inasmuch as it was replete with opinions and conclusions of a putative psychologist whose qualifications appear nowhere in the record. Opinions are generally inadmissible when emanating from the mind of one not fully qualified as an expert. Cox v. State, 280 Ala. 318, 193 So.2d 759; Horn v. State, 22 Ala. App. 66, 111 So. 452.
 "§ 415, supra, is merely a statutory exception to the hearsay evidence rule and in no way abrogates the opinion evidence rule. Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378; Greathouse v. Credit Bureau, Inc., 279 Ala. 524, 187 So.2d 565."
This case is distinguishable from Pierce in that there was testimony as to the qualifications of Dr. Blankenship as a psychiatrist and "an expert in psychiatry."
That a business record contains an expression of opinion does not prevent its admission in evidence, if otherwise admissible, if the opinion expressed therein is shown to be given by one who is qualified to express such an opinion. Gamble, McElroy'sAlabama Evidence, (3d ed. 1977), § 254.01 (4).
It affirmatively appears without dispute that the letter-report from Dr. Blankenship to Judge Gibson was a part of "the Court's file" in the case being tried and that Exhibit 2 constituted a photographic copy thereof. The trial court was not called upon to determine whether the exhibit was objectionable on grounds such as it was not self-proving, not constituting the best evidence, not shown to have been made "in the regular course of any business" or within "the regular course of the business to make such memorandum or record," or upon any ground other than the asserted ground of hearsay, which is not a valid ground of objection to admission in evidence of records covered by Ala. Code 1975, § 12-21-43.
In Stinson v. State, 45 Ala. App. 5, 221 So.2d 397 (1968), cert. den. 284 Ala. 734, 221 So.2d 399 (1969), the trial court was reversed for its sustention of an objection of the State to a report of a clinical psychologist, who was on the stand as a witness for defendant, which had been made six weeks before trial. The court said:
 "The State objected on the ground that the witness was in court. The defense argued that the report was in essence a record. The trial judge sustained the objection.
 "We hold that the report comes under the contemporary memorial doctrine of the Business Records Act, Code 1940, T. 7, § 415, and reversed the judgment.
* * * * * *
 "The report was from Lee County Mental Health Center and was over the expert's signature. It is clearly distinguishable from the report of a multi-practitioner lunacy commission. We consider that Ward v. State, 44 Ala. App. 229, 206 So.2d 897, was a sufficiently similar case to be a precedent here."
From Ward v. State, 44 Ala. App. 229, 206 So.2d 897, 911, we quote: *Page 1135 
 "Here we consider it proper for Dr. Patton to have read from the hospital records rather than merely authenticate them and thus leave it in a `raw' state for the jury. He was testifying not from hearsay but on his own as an expert. "The Opinion Rule can be subserved even if the opinion is one filed in writing under the Business Records Act. McElroy, Evidence (2 Ed.), § 254.01 (5).
 "The Business Records Act (§ 415, supra) has come not to destroy but to fulfill. It is cumulative as to any other mode of proof. Thus, Dr. Patton could both give authentication of the hospital record and, having been qualified as a psychiatrist, give his opinion quite apart from the rest of the hospital records."
Whether the trial court would have ruled in favor of defendant on an objection to Exhibit 2 if the grounds of objection had been extended beyond that of "hearsay," we are unable to say, but the trial court should not be placed in error in overruling defendant's objection on the ground stated.
We should also note that after defendant's counsel stated "I need to examine the doctor," he made no request that Dr. Blankenship appear in court to be examined or that he be given an opportunity to examine Dr. Blankenship at any time or place.
We find no error in the record. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.