BOOKOUT, Judge.
Assault with intent to murder; sentence: twenty years imprisonment.
On the morning of June 23,1978, Yolanda Bell Moore left home in her automobile en route to school. Following her in a separate automobile were her sisters and an infant niece. All of them were going to stop by the home of Rosebud Hall to leave the baby. As both automobiles pulled out of the driveway, the appellant jumped from behind some bushes beside the road and started firing a shotgun at Yolanda’s automobile. When Yolanda passed by, he then started shooting at the other automobile which swerved off the road and wrecked. The appellant immediately jumped into his automobile and gave chase to Yolanda.
Upon arriving at the Hall residence, Yolanda jumped from her automobile and went inside. Within seconds the appellant arrived at Mrs. Hall’s and started firing the shotgun at the house. The appellant yelled for Yolanda to come outside and proceeded to break into the house. As he broke into the house, Yolanda and Mrs. Hall escaped to a neighbor’s house. At this point in time the police arrived and arrested the appellant.
The evidence for the State was undisputed and sufficient for a conviction. However, we are compelled to reverse and remand the case for a new trial because of evidence illegally admitted during the State’s rebuttal portion of the trial.
I
At the outset we must answer the State’s contention that since there was never a ruling on the appellant’s motion for a new trial there is nothing for this court to review on appeal.
The appellant filed a timely motion for a new trial, but there was never a ruling by the trial court on the motion. The State submits that where there is no ruling on the motion for new trial the motion is not reviewable on appeal. We agree. A motion for new trial will be considered abandoned where the record reflects no ruling thereon. Bundrick v. State, 263 Ala. 245, 82 So.2d 309 (1955); Bass v. State, 219 Ala. 282, 122 So. 45 (1929). Rule 4(b), Alabama Rules of Appellate Procedure, amended June 8, 1978, states in part that: “When a motion ... for a new trial is abandoned, withdrawn, or discontinued, notice of appeal and all subsequent steps in the appellate procedure shall be treated as if such motion had not been filed.” (Emphasis added.) It is incumbent upon a party to see that his motions are ruled upon. Although we cannot review the motion for new trial, the law requires us to rule on other proper *9 ly preserved errors of record. Section 12-22-240, Code of Ala.1975.
II
At arraignment on August 21, 1978, the appellant pled not guilty. On September 8, 1978, the appellant amended his not guilty plea by adding the special plea of not guilty by reason of insanity. Also on September 8, the appellant filed a motion to undergo psychiatric examination. The trial judge, on the same day, ordered a sanity investigation of appellant at Bryce Hospital in Tuscaloosa, Alabama, specifically citing §§ 15-16-20 and 15-16-21, Code of Ala.1975, as authority. Those sections set out the procedure for determining a defendant’s competency to stand trial. The order stated that the findings should be made in a report in writing to the trial court.
On January 5, 1979, the trial judge was notified in writing by the Forensic Evaluation Board at Bryce Hospital that the appellant was mentally competent to stand trial. On January 17,1979, the trial court ordered that criminal proceedings against the appellant be resumed.
As the State’s evidence against the appellant was sufficient to prove the offense, counsel for appellant concentrated their evidence exclusively on the defense of insanity. Several relatives of the appellant testified as to a long history of problems and strange behavior on the part of the appellant including two previous commitments to mental institutions and a medical discharge from the Marines. All of the relatives expressed their opinion that the appellant was insane.
Dr. Wallace Marshall, a psychiatrist, testified that the appellant suffered from schizophrenic paranoia and that he was definitely insane at the time of the offense and was presently insane at the time of trial. It should be noted that, beginning with the voir dire examination, the trial of this case was marked by repeated outbursts of obscenities, gestures, and irrational behavior on the part of the appellant.
At the conclusion of the evidence for the defense, the State attempted to introduce as rebuttal evidence the entire file of the appellant compiled while he was under the court ordered psychiatric testing at Bryce Hospital. The appellant objected on the grounds that such was hearsay and a denial of his federal and state constitutional right to cross-examine witnesses against him. The trial court did not admit the complete file, but did admit portions of the hospital records dealing with diagnosis. Those records admitted were:
(1) State’s Exhibit 37-a letter from the custodian of the records of Bryce Hospital certifying the medical records to be true and correct.
(2) State’s Exhibit 38-the findings of the Forensic Evaluation Board of Bryce Hospital that the appellant was mentally competent at the time of the acts charged and that he was mentally competent to stand trial, which in pertinent part states:
“(1) Stanley Seay was so far free from mental defect, disease or derangement at the time of the particular acts charged to distinguish right from wrong.
“(2) Stanley Seay was so far free from mental defect, disease or derangement at the time of the particular acts charged to adhere to the right.
“(3) Stanley Seay is presently competent to stand trial and to assist in the preparation of his own defense. Also, Mr. Seay does understand the nature of the charges against him.
“... Concerning his present charges and the court case pending, his behavior during these acts was not a product of psychosis or mental illness.”
(3) State’s Exhibit 39-a hospitalization summary of the appellant containing personal data and diagnosis. The top of the sheet was marked “Confidential & Privileged for Professional Use Only Not for Publication Not to be Used Against Patient’s Interests.”
On a plea of not guilty by reason of insanity, the burden is on the defendant to prove his insanity to the reasonable satisfaction of the jury by a preponderance of the evidence. Christian v. State, Ala., 351 *10 So.2d 623 (1977); § 15-16-2, Code of Ala. 1975. In the instant case the defendant introduced substantial evidence of his insanity at the time of commission of the offense charged. The State introduced the above designated hospital records as rebuttal evidence. The State had an opportunity to cross-examine each of the appellant’s witnesses concerning the basis for their opinion as to his sanity. The appellant had no opportunity to cross-examine the members of the Forensic Evaluation Board who drafted State’s Exhibit 38.
The heart of the appellant’s defense was that he was insane at the time the offense was committed. The State attempted to rebut the appellant’s evidence to that effect by use of the written report, supra. Article 1, § 6, Constitution of Ala. 1901, and the Sixth Amendment to the United States Constitution guarantee to every defendant the right to be confronted by witnesses against him, and this imports the constitutional right to cross-examine those witnesses. Ball v. State, Ala.Cr.App., 337 So.2d 31 (1976), cert. quashed, Ala, 337 Ala. 39, and cases cited therein.
In Benton v. State, 31 Ala.App. 338, 18 So.2d 423, cert. denied, 245 Ala. 625, 18 So.2d 428 (1944), it was stated that the right of confrontation and cross-examination of witnesses “amounts to nothing if ex parte written statements are to be substituted for witnesses in the trial of a case involving life and liberty.” See also: Holmes v. State, Ala.Cr.App., 342 So.2d 28, cert. denied, Ala., 342 So.2d 36 (1977).
Sections 15-16-20 and 15-16-21, supra, are set up to provide the machinery for preliminary investigation into the competency of one to stand trial. It is only after a finding of present sanity that the State may proceed with the trial of the offense charged. Whether the appellant was not guilty by reason of insanity at the time of the alleged offense was a question for the trial jury to determine from the evidence. Included in the report of the Forensic Evaluation Board was the conclusion that the appellant was mentally competent to stand trial and that he was mentally competent at the time of the commission of the alleged offense. That Board was not directed to evaluate the appellant for mental competency at the time of the offense. Their statutory duty was to advise the judge whether the appellant was competent to stand trial.
The report of the Forensic Evaluation Board was not made under the sanction of an oath and was not intended for general public information. Cordle v. State, 53 Ala.App. 148, 298 So.2d 77, cert. denied, 292 Ala. 717, 298 So.2d 85, cert. denied, 419 U.S. 1033, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974); Hutchens v. State, 45 Ala.App. 507, 232 So.2d 687, cert. denied, 285 Ala. 755, 232 So.2d 700 (1970); Moody v. State, 41 Ala.App. 367, 132 So.2d 758 (1961); Benton, supra.
The State contends that its exhibit 38 was admissible pursuant to §§ 12-21-5 and 12-21-43, Code of Ala.1975. The first section provides a procedure for admission into evidence of certified copies of hospital records without the production of the original and without having the custodian of the records present as a witness to authenticate them. We have conclusively held that this section does not legitimize hearsay evidence in a document merely by having a custodian certify that the copy is the same as the original. Neither can an opinion expressed in a document be used by the State against a defendant on a material issue in a manner that denies the defendant the right to cross-examine the one expressing that opinion as to the basis for his conclusions. Lowery v. State, 55 Ala.App. 514, 317 So.2d 365 (1975), cert. denied, 294 Ala. 763, 317 So.2d 372. The same reasoning applies to § 12-21-43, supra.
State’s Exhibit 38 contained expert opinion evidence bearing directly on the appellant’s sole issue on defense. Its admission in evidence deprived him of his constitutional right to confront and cross-examine those persons whose written evidence was used against him. The appellant must therefore be given a new trial.
REVERSED AND REMANDED.
All the Judges concur.