This is a petition for writ of certiorari seeking review of the Court of Criminal Appeals' reversal of Stanley G. Seay's conviction of assault with intent to murder Yolanda Moore. We reverse.
The basic facts involved in this appeal are set forth in the opinion of the Court of Criminal Appeals in Seay v. State,390 So.2d 7 (Ala.Cr.App. 1979). Pursuant to Rule 39 (k) of the Alabama Rules of Appellate Procedure, the State as petitioner adds the following additional facts: Seay's uncle, a lay witness, testified that Seay was insane *Page 12 
in his opinion; and several of the State's lay witnesses stated that they had known Seay for several years and that they had never seen him do anything bizarre or out of the ordinary in their presence.
We are asked to determine if the Court of Criminal Appeals erred in holding that the trial court should not have allowed the State to use portions of Seay's psychiatric diagnostic records from Bryce Hospital as rebuttal evidence. The State asserts that the decision of the Court of Criminal Appeals in the present case is in direct conflict with its decision inThompson v. State, 384 So.2d 1131 (Ala.Cr.App. 1979), where the defendant's psychiatric records were admitted under the business entries exception, Code 1975, § 12-21-43, without the in-court testimony of the examining physician. Seay, however, contends that the Court of Criminal Appeals was correct; that to allow admission of his psychiatric diagnostic records under § 12-21-43 would deprive him of his constitutional right to cross-examine witnesses against him, i.e., the Forensic Evaluation Board of Bryce Hospital, and that such records were hearsay.
It is generally stated that a hospital record of a patient, if it meets statutory requirements, is a record within the business record exception to the hearsay rule to the extent that the record covers hospital diagnosis. C. Gamble, McElroy'sAlabama Evidence § 254.01 (7) (3rd ed. 1977). A business record, which takes the form of an opinion, however, will not be admissible unless the subject is a proper one for opinion testimony. Thus if a hospital record of a doctor's diagnosis of a patient in the hospital has been made in conformity with the Business Records Act, then that record, even though the diagnosis is in opinion form, is admissible because if the physician were a witness, his testimony on the diagnosis would be admissible as an expert opinion. C. Gamble, supra at § 254.01 (4).
Section 15-16-20, Code 1975, provides that if a prisoner under confinement appears to be insane the circuit court judge in the county where he is confined must instigate an investigation calling a physician and other witnesses to determine if the prisoner is insane. Pursuant to this code section and to § 15-16-21, Code 1975, the trial judge on motion of the defendant, ordered a sanity investigation of Seay at Bryce Hospital and also ordered the Forensic Evaluation Board's findings to be reported in writing to him. At trial when the State attempted to introduce the Bryce Hospital records as rebuttal evidence over the objection of Seay's attorney, the trial judge, basing his decision on § 254.01 (7) of McElroy'sAlabama Evidence, allowed the admission of the final diagnosis portion of Seay's Bryce Hospital records.
This Court has treated the admission of these state mental hospital reports and lunacy reports differently, depending on whether the hearing was one to determine an accused's competency to stand trial or whether the evidence was introduced at the trial on the issue of the competency of the accused at the time of the commission of the offense. In Holmesv. State, 342 So.2d 28 (Ala.Cr.App. 1976), cert. denied342 So.2d 36 (Ala. 1977) the State successfully had the defendant's lunacy report from Searcy Hospital introduced into evidence at his competency hearing. The Court of Criminal Appeals found its admission to be harmless error with insufficient prejudicial effect to support reversal although it stated that the best course might have been to have excluded the report. The Court stated, purely as dicta, that the report certainly would have been inadmissible on the trial on the guilt or innocence of the defendant without citing any authority for this proposition.
Even at the actual trial stage, state mental hospital reports have been sometimes considered admissible and at other times have been treated as inadmissible. In Cordle v. State,53 Ala. App. 148, 298 So.2d 77, cert. denied 292 Ala. 717,298 So.2d 85, cert. denied 419 U.S. 1033, 95 S.Ct. 516,42 L.Ed.2d 309 (1974), defendant was ordered by the trial court to submit to a psychiatric examination at Bryce Hospital. From that examination it was determined that he was sane. At trial, over the State's objection, the appellant sought and obtained the *Page 13 
introduction of certified copies of the defendant's Bryce records. No attempt was made to depose the Bryce staff pursuant to Title 45, § 226, Code of Alabama 1940 (now Code 1975, §22-50-22), and none of the Bryce physicians were present at the trial. The Court of Criminal Appeals stated:
 The court could have legally refused to admit in evidence the reports of the doctors who made up the Lunacy Commission for the reason these reports were not made under the sanction of an oath and were not intended for general public information. Benton v. State, 245 Ala. 625, 18 So.2d 428; Benton v. State, 31 Ala. App. 338, 18 So.2d 423.
However, the Court did not hold this to be error, much less reversible error, and affirmed the conviction.
Over defense counsel's objection, the State introduced the defendant's entire Bryce Hospital file with the exception of one page in Hutchens v. State, 45 Ala. App. 507, 232 So.2d 687, cert. denied 285 Ala. 755, 232 So.2d 700 (1970). The Court of Criminal Appeals said, "The admission of this file as a self-proving piece of evidence, as a business record or as a memorial of a governmental act is unwarranted under decisional and statute law." Yet it held that the admission of this exhibit was harmless error as none of the defendant's testimony reflected on his sanity and since, on cross-examination of a different state's witness, a psychiatrist, nothing was adduced that conflicted with his direct testimony that the defendant could distinguish right from wrong at the time of the crime.
The State in rebuttal of another doctor's testimony used a doctor on the Bryce Hospital staff in Ward v. State,44 Ala. App. 229, 206 So.2d 897 (1966), cert. denied 281 Ala. 650,206 So.2d 922 (1967), to authenticate the defendant's Bryce records, under the Business Records Act, § 415, Title 7, Code of Alabama 1940. The Court of Criminal Appeals held:
 The Business Records Act (§ 415, supra) has come not to destroy but to fulfil. It is cumulative as to any other mode of proof. Thus, Dr. Patton could both give authentication of the hospital record and, having been qualified as a psychiatrist, give his opinion quite apart from the rest of the hospital records.
In Hall v. State, 248 Ala. 33, 26 So.2d 566 (1946), the defendant had earlier been in Partlow State Hospital. He called the Superintendent of Partlow, who was asked for and authenticated his hospital records. This Court said that the doctor should have been permitted to testify as to these records and reversed the trial court.
Stinson v. State, 45 Ala. App. 5, 221 So.2d 397 (1968), did not deal directly with a state mental hospital lunacy report, but, in fact, concerned the admissibility of a report from the Lee County Mental Health Center. The Court of Criminal Appeals held it to be admissible under the Business Records Act where the expert witness by whom the State sought to introduce the records was the clinical psychologist who developed the report. The Court further stated, "[This report] is clearly distinguishable from the report of a multi-practitioner lunacy commission."
On rehearing, the Court of Criminal Appeals in Benton v.State, 31 Ala. App. 338, 18 So.2d 423 (1944), affirmed the trial judge's denial of admission of the defendant's records from the state insane hospital. It discussed the denial of defendant's right to confront witnesses against him and the time gap between the making of the hospital records and the murder for which he was convicted. On certiorari from the Court of Criminal Appeals, this Court affirmed, stating that the lunacy reports attempted to be introduced were not made under the sanction of an oath and were not intended for general public information. Benton v. State, 245 Ala. 625, 18 So.2d 428
(1944). This same rationale was followed in Ex parte Moody,41 Ala. App. 367, 132 So.2d 758 (1961), where petitioner wanted the Superintendent of Bryce Hospital ordered to produce his lunacy report in trial court. The Court held the records inadmissible as they were not made under oath.
Seay's attorney places considerable emphasis on Lowery v.State, 55 Ala. App. 511, *Page 14 317 So.2d 357 (1974) (opinion on remandment), cert. denied,294 Ala. 763, 317 So.2d 372 (1975). In that case, cause of death was attempted to be established by submission into evidence of copies of University Hospital in Birmingham's records authenticated by a doctor who was not treating the deceased while he was in Birmingham solely pursuant to Act No. 77, Acts of Ala., 1965, 2d Special Session, approved September 30, 1965 (Tit. 7, §§ 383 (1)-383 (3) Code of Alabama Recomp.). The Court of Criminal Appeals held that the copies of records were not admissible because the originals were not admissible without parol evidence of authenticity which the doctor who testified could not furnish.
Lowery may be distinguished from the present case. There, only what is now § 12-21-5 through -7, Code 1975, was used in the attempt to get the records into evidence. Those statutes allow the admission of certified copies of hospital records without parol testimony from the custodian only where the original records would be admissible. No attempt was made in that case, as it was in the present case, to avoid the hearsay problem by asserting that an original hospital record would fall within the exception which allows records made in the ordinary course of business. See C. Gamble, supra, at § 254.01 (7). In addition, the Court of Criminal Appeals emphasized that cause of death was a material element in the State's case while here the State was attempting to introduce the records as a portion of its rebuttal of defendant's evidence that he was insane. Other testimony was adduced by the State of lay witnesses' opinions that Seay was sane.
In response to Benton and Moody, we note that other types of medical and hospital records are not made under oath and are not for general public information yet they are quite frequently admitted in trial courts.
Having determined that the original Bryce Hospital records were admissible under the business entries exception or Business Records Act (§ 12-21-43, Code 1975) and certified copies thereof pursuant to §§ 12-21-5 through -7, Code 1975, we now address the confrontation of witnesses issue.
Section 22-50-22, Code 1975, provides that neither the superintendent nor any physician of a state mental hospital can be compelled to attend as a witness to present expert testimony in any case or on any question of insanity if he certifies in writing within 10 days after service of summons that his absence from the hospital will interfere with his professional duties and the welfare of his patients. Defendants, however, who wish the testimony of these doctors may take their depositions on all matters involving their expert opinion where such testimony is admissible. This statute has been held to furnish a constitutional alternative to compulsory attendance at trial. Pollard v. State, 358 So.2d 778 (Ala.Cr.App.), cert. denied 358 So.2d 782 (Ala. 1978); Pierce v. State, 52 Ala. App. 422, 293 So.2d 483 (1973), cert. quashed 292 Ala. 745,293 So.2d 489 (1974).
Seay's attorney asked the trial court to subpoena the members of the Forensic Evaluation Board and when their appearance was not forthcoming pursuant to § 22-50-22, he did nothing. He made no attempt to depose members of the Board or to get the trial judge to in some way provide a means whereby his indigent client could depose the Board. Having failed to avail himself of the deposition procedure, he cannot now claim a denial of right to confrontation.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, J., not sitting. *Page 15