TYSON, Judge.
Johnny Hugh Frith, alias, was indicted for first degree rape in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant “guilty of rape in the first degree as charged in the indictment.” He was sentenced, pursuant to the Habitual Felony Offender statute, to life imprisonment. The court recommended that the appellant be incarcerated in the Taylor Hardin Secure Medical Facility due to his history of mental problems.
Since the appellant does not raise the issue of the sufficiency of the evidence on appeal, the facts concerning this incident will be only briefly stated.
The victim in the case testified that she was raped by the appellant on June 28, 1981 at approximately 4:00 in the morning while she and her husband were living (temporarily) in the Siesta Motel in East Lake near Birmingham, Alabama.
The victim was alone in the room with the door locked at the time because her husband was at “band practice.” She was awakened from her sleep when she heard a thump on the door. When she looked up, she saw the appellant standing at the end of the bed. He cut her shorts off with a knife and threatened to cut her throat if she did not stop screaming.
The victim gave a detailed description of the appellant and noted that he was heavier at the time of the crime. After she was raped, the victim reported the incident to the police. Three or four days later she saw the appellant on the street, identified him and had him arrested.
The appellant’s aunt, Mrs. Gladys Williams, testified that he had been going to Bryce Mental Hospital since the 1960s and had been there so many times she could not recall the exact number. The appellant was on medication at the time of the crime and had been on medication since 1974. The appellant had a violent disposition, especially when he was not taking his medicine.
On the day of the rape the appellant was living in a transitional home in Woodlawn, Jefferson County, Alabama. Following his arrest on this charge the appellant was sent back to Bryce, where he stayed until 1983. The appellant had assaulted his grandmother and another aunt. When he was not on his medication he was delusional. Ms. Williams characterized the appellant as having mental problems.
Donna Click, a pyschiatric social worker at the Jefferson County jail, testified that she had known the appellant for twelve years. She evaluated him prior to his commitment to Bryce. He was taking medication used for schizophrenics. She testified that, although the appellant had been committed to Bryce on several occasions and was mentally ill, sometimes he functioned “reasonably well” and was treated on an outpatient basis.
The appellant had been diagnosed as a paranoid schizophrenic. Ms. Click considered the appellant to be severely and chronically mentally ill. Without medication he became very hostile, assaultive and psychotic. He was determined to be competent to stand trial in December of 1982 and again in March of 1984.
The appellant had lucid intervals at which time he became capable of committing the type of crime charged in this case. Ms. Click read a portion of a letter from a staff psychiatrist at Bryce reporting on the appellant’s condition. In the letter, a Dr. Thompson described the condition of the appellant at the time of the offense charged as mentally diseased. He stated, however, that “the mental illness did not ... diminish Mr. Rogers’ criminal responsibility at the time of the alleged offense. Johnny Rogers did possess a substantial capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of the law at *879 the time of the particular offense charged.” (R. 102-103). This was the portion read to the jury. The entire letter was not allowed to be sent to the jury.
On recross the State asked Ms. Click, “If he [the appellant] was found not guilty by reason of insanity and sent to Taylor Hardin, they could let him go whenever they thought he was all right, is that right?” The witness responded, “From my understanding, yes, sir.” (R. 109).
Dr. Carl Tonitis, a psychologist at the East Side Mental Health Center in Jefferson County, testified that he saw the appellant after he had been discharged from Bryce in 1983. At that time the appellant had not been taking his medication properly and was delusional. Dr. Tonitis related an incident wherein the appellant was discovered on the side of a highway pointing a toy pistol at automobiles.
Dr. Tonitis diagnosed the appellant as being a paranoid schizophrenic and chronically mentally ill. He testified that in June of 1981 the appellant would have been psychotic and not responsible for his actions. On June 26,1981 the appellant was given a weekend pass to go home through the 28th, 1981. Dr. Tonitis read from a progress note written by one of his staff members. The note said that on June 30, 1981, the appellant was showing “much disorganization in his conversation”, and that the appellant “realizes that when he is not taking his medication that he can become dangerous.” (R: 135-136).
I
The appellant contends that the testimony of Ms. Click, relating the opinion of Dr. Thompson as to the appellant’s mental condition at the time the rape was committed, was erroneously admitted into evidence. The appellant objected at trial to the admission of the testimony on the grounds that the proper “business record” foundation had not been laid. He argues in brief that this hearsay testimony did not fall within the business or hospital records statute in the first place. Ala.Code §§ 12-21-5, 12-21-43 (1975).
In spite of the appellant’s failure to properly preserve this issue for our review, we have considered both of his contentions and find them to be without merit.
In Thompson v. State, 384 So.2d 1131 (Ala.Crim.App.1979), writ denied, 384 So.2d 1135 (Ala.1980), this court reviewed a similar situation in the context of a hearing before a jury as to the appellant’s mental competency to stand trial. There, in conjunction with the testimony of the very same psychiatrist (Ms. Donna Click), the court admitted, over the appellant’s hearsay objection, a letter from another psychiatrist (not present at trial) diagnosing the appellant’s mental condition.
This court affirmed the conviction, implicitly supporting the admission of the evidence as within the business records statute. See Ala.Code § 12-21-43 (1975). For this reason we hold that the report in this case, by analogy, may qualify as a “business record” within the statute. See also Seay v. State, 390 So.2d 11 (Ala.Crim.App.), cert. denied, 390 So.2d 15, (Ala.1980), and cases cited therein. Cf. Pierce v. State, 52 Ala.App. 422, 293 So.2d 483 (1973), cert. denied, 292 Ala. 745, 293 So.2d 489 (1974); Stinson v. State, 45 Ala.App. 5, 221 So.2d 397 (1968), cert. denied, 284 Ala. 734, 221 So.2d 399 (1969).
The proponent must still comply with the foundation requirements of the controlling statutes, however. Ala.Code §§ 12-21-5, 12-21-43 (1975); C. Gamble, McElroy’s Alabama Evidence § 254.01(3) (3rd ed. 1977). We believe that the letter in this case was sufficiently authenticated and its admittance was not erroneous.
The Jefferson County Jail psychiatric social worker who had treated the appellant for twelve years (Ms. Donna Click) testified from her records as an expert for the defense. (R. 87-88). Her testimony indicated that she received various reports on the appellant while he was at Bryce Hospital. (R. 87). Prior to admitting the statement from the letter, the State established that the records used by the witness were kept in the normal course of her business. Ms. Click established that the letter described the appellant’s condition at the time of the *880 crime and that the author of the letter, Dr. Thompson, had spoken to her on numerous occasions in connection with her work. (R. 101). Ms. Click testified that the author of the letter was a staff psychiatrist at Bryce and had examined the appellant on at least one occasion while he was at Bryce. This was sufficient. See Gamble, supra.
II
The appellant contends that the trial court erred in allowing the State to ask Ms. Click whether the appellant could be discharged from Taylor Hardin “whenever they thought he was all right” if he was sent there pursuant to a finding of not guilty by reason of insanity. Ms. Click was allowed to respond, “From my understanding, yes, sir”, without objection from the appellant. Due to the appellant’s failure to object, this issue is not properly before this court. Greer v. State, 475 So.2d 885 (Ala.Crim.App.1985).
We note that the statement made here is not so “grossly improper and highly prejudicial”, as the appellant suggests, “that an appropriate objection or motion invoking corrective instruction or action by the trial court is not required.” (Brief of appellant p. 23, quoting Meredith v. State, 370 So.2d 1075 (Ala.Crim.App.), writ denied, 370 So.2d 1079 (Ala.1979)). We note, as well, that the prosecutor’s question on recross-examination was clearly invited in this case by the appellant’s initiation of discussion on the subject on redirect.
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.