ON RETURN TO REMAND
BOWEN, Judge.
This Court remanded this cause to the trial court, 568 So.2d 1253 with instructions that an evidentiary hearing be held on the issue of trial counsel’s effectiveness under the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial judge was ordered to make “specific and detailed findings of fact and conclusions of law.”
The trial judge did not conduct an eviden-tiary hearing and made no finding as to the effectiveness of defense counsel. Instead, the trial judge reviewed four documents: the motion for psychiatric evaluation, the order for evaluation of competency to stand trial, the order for evaluation of mental state at the time of the offense, and the forensic evaluation report. The trial judge concluded:
“Based on this [forensic] evaluation, there is no evidence that Mr. Miller has a mental condition that would impair his ability to understand the nature and object of proceedings against him. He is clinically competent to stand trial. And again, there is no evidence based on this examination that would suggest that at the time of the alleged offense this defendant was suffering from any symptom of mental illness or disease that would have reasonably contributed to the offense.”
The issue raised on original submission of this appeal concerns defense counsel’s alleged ineffectiveness in failing to object to the admissibility of the psychological evaluation of the defendant. At trial, after the defendant presented a defense of insanity, the prosecution and the defense stipulated to the admission of the court-ordered forensic evaluation report prepared by clinical psychologist Dennis E. Breiter on March 15, 1989. This report is extremely damaging to the defendant and to his dé-fense of insanity.
In Seay v. State, 390 So.2d 11 (Ala.1980), the Alabama Supreme Court held that psychiatric diagnostic records from a state mental hospital report were admissible, under the business records exception to the hearsay rule and under Alabama’s Business Records Act, Ala.Code 1975, § 12-21-43, to rebut the defendant’s evidence that he was insane.
*1276 In order to prove a claim of ineffective assistance of counsel, a defendant must not only show that counsel’s performance was deficient, but also that counsel’s deficiencies resulted in prejudice to the defense. Strickland v. Washington, 466 U.S. at 693, 104 S.Ct. at 2067; Ex parte Womack, 541 So.2d 47, 66-67 (Ala.1988). Because the forensic evaluation report was admissible to rebut the defendant’s evidence of insanity, Seay, supra, we find that the defendant has failed to prove that counsel’s performance was deficient or that he was prejudiced by defense counsel’s failure to object to the admission of the report. Here, “there is [no] reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. “Appellant’s counsel can not be held ineffective for failing to object to this [admissible] evidence. This ineffective counsel claim fails to satisfy either of the Strickland requirements.” Bridge v. Lynaugh, 838 F.2d 770, 774 (5th Cir.1988).
On this basis, the judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.