McMILLAN, Judge.
Johnny Fulton was convicted of rape in the second degree and sodomy in the first degree. He was sentenced to serve two consecutive 30-year sentences. His sentence and conviction were affirmed without opinion by this court. Fulton v. State, 553 So.2d 138 (Ala.Cr.App.1989). Thereafter, he filed a petition under A.R.Cr.P. Temp. 20, alleging that he had received ineffective assistance of counsel at trial, because his trial attorney had failed to preserve for review the issues that Fulton attempted to raise on direct appeal. Fulton also argued in his petition that his appellate counsel had been ineffective in failing to raise and preserve the issue of his trial attorney’s ineffectiveness. Fulton made a motion for summary judgment, which was denied. Thereafter, the trial court denied his Rule 20 petition, without an evidentiary hearing.
The State did not answer or respond to the Rule 20 petition. The State requests that we remand this matter to the trial court for an evidentiary hearing, with orders that the district attorney’s office address the issues raised by Fulton in his petition. The State cites Ex parte Boatwright, 471 So.2d 1257 (Ala.1985), and Chaverst v. State, 517 So.2d 643 (Ala.Cr.App.1987), in support of its request. Because where the State does not respond to a petitioner’s allegations, the unrefuted facts must be taken as true, Chaverst v. State, at 644, and because “an evidentiary hearing must be held on a coram nobis petition which is meritorious on its face, i.e., one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitled the petitioner to relief”, Boatwright, supra, at 1258, this matter is due to be remanded to the trial court for an evidentiary hearing. The trial court shall within 90 days make a return to this court indicating its findings.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.