ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court with orders that an evidentiary hearing be held on the appellant’s Rule 20 petition, because the district attorney’s office failed to respond to the petitioner’s allegations. 584 So.2d 531. The trial court has returned an order to this court, stating that the trial court ordered the district attorney’s office to file an answer to the appellant’s petition and that a hearing was held on the matter. The trial court’s order sets out the three grounds alleged by the appellant to support his claim of ineffective assistance of trial counsel as follows:
“1. The prejudicial effect of testimony relating to collateral sexual acts far outweighs the probative value of the same testimony, and thus necessitates a new trial.
“2. The trial court erred in failing to exclude testimony on ultimate issues in the case.
“3. The improper conduct of the prosecuting attorney in asking questions that could not be supported by the evidence constitutes reversible error.”
The trial court, in its order, set forth the factual circumstances of each of these claims. The trial court further noted that the appellant also raised the issue that his trial counsel did not request any written charges and did not object to any of the erroneous ones given by the trial court; however, the court noted that such general allegations would not justify any finding of incompetency on trial counsel’s part. The trial court then made the following findings in regard to the appellant’s issues:
“That trial counsel for the Defendant has been practicing criminal law, to the recollection of this Court, for twenty-seven years. This Court finds that the counsel for Petitioner was diligent in making discovery concerning the case prior to trial and that counsel interviewed witnesses both for and against the Petitioner. Trial counsel was allowed to examine the entire file of the District Attorney and to cross-examine the witnesses that testified in behalf of the State of Alabama and made timely objections to testimony and evidence presented by the State of Alabama.
“This Court fails to find any evidence that would justify a finding by this Court that Petitioner’s counsel at the trial was incompetent to the degree to justify the granting of Petitioner’s Petition under Rule 32, Alabama Rules of Criminal Procedure [Rule 20, A.R.Crim.P.Temp.].”
The trial court notes that the appellant’s claim concerning the testimony of collateral *533 sexual acts referred to testimony relating to an act of sodomy committed on the victim in a motel room in Irondale during the same timeframe as the acts alleged to have been committed in counts I and II of the indictment. The alleged act of sodomy was the subject of count III of the indictment, which was dismissed for lack of venue or of jurisdiction. The trial court noted that the testimony concerning the sodomy, even if not charged under separate indictment, would have been admissible “to show intent in support of the allegations contained in count II of the indictment.”
The issue raised by the appellant concerning testimony on ultimate issues in the case concerns the testimony of a registered nurse, which was objected to by defense counsel; the objection was overruled by the court. The appellant specifically refers to testimony by the registered nurse concerning a rape kit, to which defense counsel objected; the objection to this testimony, however, was sustained by the trial court, with instructions to the jury to disregard the testimony.
The appellant also argues concerning his counsel’s apparent failure to object to certain of the prosecutor’s questions to the appellant during cross-examination, which allegedly could not be supported by the evidence, concerning the sodomy in Iron-dale. The trial court stated in its order that, “[t]here were few objections made to this line of testimony ..., but in reviewing the transcript, this Court does not find any questions, if objected thereto, that would be due to be sustained with exception to the line of questioning ... stating, ‘Where were you hiding out?’ ” The trial court noted that this testimony was objected to by the defense counsel and the objection was sustained, with the jury being instructed to disregard the comment. The defense counsel also moved for a mistrial based on the prosecutor’s comment.
“In order to prove a claim of ineffective assistance of counsel, a defendant must not only show that counsel’s performance was deficient, but also that counsel’s deficiencies resulted in prejudice to the defense. Strickland v. Washington, 466 U.S. [668], 693, 104 S.Ct. [2052], 2067 [80 L.Ed.2d 674 1984]; Ex parte Womack, 541 So.2d 47, 66-67 (Ala.1988).... Here ‘there is [no] reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. ‘Appellant’s counsel cannot be held ineffective for failing to object to this [admissible] evidence. This ineffective counsel claim fails to satisfy either of the Strickland requirements.’ Bridge v. Lynaugh, 838 F.2d 770, 774 (5th Cir.1988).”
Miller v. State, 570 So.2d 1275, 1276 (Ala.Cr.App.1990). Therefore, the judgment of the trial court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.